## In re McLAUGHLIN.

(District Court, N. D. Texas, at Dallas. February 18, 1926.)

No. 2221.

1. **Landlord and tenant** ⬳239.

Landlord has lien on tenant's property only for rents due, and duration of such lien depends entirely on statute.

2. **Bankruptcy** ⬳191(1)—Landlord, filing statement of claim for rent, held entitled to lien for entire period of unpaid rent (Rev. St. Tex. 1925, art. 5238).

Under Rev. St. Tex. 1925, art. 5238, requiring landlord, in order to establish lien on tenant's goods for rent more than six months overdue, to file statement of claim with county clerk, landlord, who filed such statement, was entitled to lien on bankrupt tenant's chattels for entire period of unpaid rents, and was not required to file statement for each six-month period.

3. **Constitutional law** ⬳70(1).

Court can do no more than construe statute and give effect to its plain provisions, though it may work hardship.

In Bankruptcy. In the matter of David Walker McLaughlin, bankrupt. On petition by J. W. Cason, creditor, to have action of referee in refusing to grant landlord's lien for past-due rent reviewed by the court. Order modified.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, Tex., for landlord and contestant.

Grace N. Fitzgerald, of Dallas, Tex., for trustee.

MEEK, District Judge. J. M. Cason, landlord, filed with the referee a preferred claim for rents due him in the total sum of $621.93, said rentals being at the rate of $40 per month, upon a store building the landlord rented at Italy, Ellis county, Tex., and in which the bankrupt, McLaughlin, carried on the retail drug business, and these rentals were for the months from April 1, 1924, on down to the date of the bankruptcy.

On the 2d day of December, A. D. 1925, the referee in bankruptcy in charge of these proceedings entered an order allowing a lien upon the chattels and personal property of the bankrupt for the six months' unpaid rent prior to the filing of the bankruptcy proceedings. The landlord took the necessary steps to have the order of the referee reviewed by the judge.

[1, 2] The landlord has a lien upon the property of his tenant only for rents due and in arrears. The duration of the landlord's lien on the chattels of his tenant is wholly a matter of statutory provisions. The right of the landlord to a lien on the property of the bankrupt is controlled by article 5238 of the Revised Statutes of Texas of 1925. This article reads in part as follows:

"Art. 5238. (5490) (3251) *Owners of Buildings—Lien.*—All persons leasing or renting any residence, storehouse, or other building, shall have a preference lien upon all property of the tenant in such residence, storehouse, or other building for the payment of rents due and to become due provided that in order to secure the lien for rents that are more than six months due, it shall be necessary for the person leasing or renting any storehouse or other building which is used for commercial purposes, to file in the office of the county clerk of the county in which such storehouse or such other building is situated, a sworn statement of the amount of rent due, itemized as to the months for which it is claimed to be due, together with the name and address of the tenant, a description of the rented premises, the date on which the rental contract began and that on which it is to terminate, verified by the person claiming such lien, his agent or attorney, and such statement when so verified shall be recorded by the county clerk in a book to be provided for such purpose. No lien for rent more than six months past due upon any storehouse or other building rented for commercial purposes shall be valid as against bona fide purchasers or unsecured or lien creditors of said tenant, unless said statement shall be verified, filed and recorded as above provided."

The landlord here complied with the provisions of this article, and did file in the office of the county clerk of Ellis county, on the 29th day of June, 1925, a statement of the amount of rent due, itemized as to months for which it was due, and the additional information required by the provisions of this article. This statement was properly verified by oath.

Notwithstanding this, the referee held that the landlord did not have a lien upon the property of the bankrupt for the entire time the rents were due and unpaid, but only for six months' time prior to this bankruptcy, and this even though the landlord complied with the provisions of this article of the Statutes. He further held that, to reserve a landlord's lien for the period of time before and back of the six months period, it would have been necessary for the landlord seasonably to have filed the statement provided in this article for each six months period that his rents were due and unpaid. This article makes no such requirement and is silent upon the subject.

As provided by this article, the landlord, if he does not comply with its provisions, is granted a lien only for the rents for the six months that they are past due. When the landlord wishes to establish and fix his lien for rents more than six months overdue, he is required to comply with the provisions of this article, and upon such compliance his lien is fixed for the entire period of the unpaid rents.

I repeat the language of this article: "No lien for rent more than six months past due upon any storehouse or other building rented for commercial purposes shall be valid as against bona fide purchasers or unsecured or lien creditors of said tenant, unless said statement shall be verified, filed and recorded as above provided." The record shows this landlord complied with these provisions, and he must therefore be allowed his first preference lien upon the bankrupt's property located in his building at the date of bankruptcy.

The referee, in ruling upon this landlord's claim for lien, has construed this article to mean what he deems the Legislature of 1919 (Acts 1919, c. 110, § 1 [Vernon's Ann. Civ. St. Supp. 1922, art. 5490]) intended to do when it amended the act of 1889 (Acts 1889, p. 11) relating to and fixing landlords' liens. The plain terms of this act do not justify the referee's construction. This amendment fixes the landlord's lien upon the tenant's personalty in the storehouse for a period of six months' time for past-due rents, and this without any action taken by the landlord; but, when the landlord wishes to fix his lien for a longer time than for six months' unpaid rent, he is compelled to file the statement provided for in the act passed by the Legislature in 1919, which is carried forward into the Revised Civil Statutes of 1925.

It seems that general creditors of a bankrupt storekeeper complain of the loss involved in extending credit to the merchant for bills of goods and claiming to be ignorant of the fact the merchant owes his landlord long past due rents—as in the present case, rents owing and unpaid for 16 months—the landlord standing by and doing nothing toward collecting long past due rents, and when he or his agent believes the merchant to be in failing circumstances proceeds to protect his landlord's claim and establish a lien on the bankrupt's personal property for his past-due rents by complying with this article of the Statutes.

[3] If this landlord statute, as I construe it, tends to work hardship upon the general creditors of a bankrupt, and if the Legislature in its wisdom can be made to see it in this light, it may change and alter it. However, the judge can do no more than construe the statute and give effect to its plain provisions.

It is shown that these chattels and personal property of the bankrupt have been sold and converted into cash by the trustee of the estate. Therefore an order will be entered, directing and ordering the trustee to pay the landlord's rent claim to him in full as a secured claim.

The order entered by the referee on the 2d day of December, A. D. 1925, will be changed and modified as above set forth.