## In re TOGGERY, Inc.
### No. 263.

District Court, S. D. Texas, Corpus Christi Division.

July 11, 1932.

John S. McCampbell and Johns, McCampbell & Snyder, all of Corpus Christi, Tex., for trustee in bankruptcy.

B. D. Tarlton, of Corpus Christi, Tex., for claimant Kokernot-Nixon Properties, Inc.

KENNERLY, District Judge.

This is a proceeding by the trustee in bankruptcy of this estate to review an order of the referee in bankruptcy in the matter of the claim of Kokernot-Nixon Properties Inc. (referred to for convenience as landlord), the owner of the storehouse or building in which was located the store of bankrupt at the time of, and for several

years previous to, the filing, on March 28, 1932, of the petition in bankruptcy. The particular matter sought to be reviewed is the holding by the referee that the landlord has a lien on bankrupt's stock of goods, located in such storehouse, securing $3,150 owing as the rent of such storehouse for the year ending March 31, 1932. The trustee does not dispute that the rent is owing, nor that the landlord has a lien for the *last* six months of such year, but denies that it has a lien for the *first* six months of such year.

The decision depends upon the construction of article 5238 of the Texas Revised Civil Statutes of 1925,[1] the italicized portion of which, added by the Act of 1919, p. 170 is material. The landlord claims both a contract lien given it in paragraph 9[2] of the lease between landlord and bankrupt and the statutory lien provided for in article 5238.

■ 1. If there be no creditors such as are mentioned in article 5238, so circumstanced as to be entitled to complain, the landlord's lien created by the parties themselves in their lease is unassailable. Gunst v. Dallas Trust & Savings Bank (Tex. Civ. App.) 8 S.W. (2d) 807.

■ 2. If there be creditors such as are mentioned in article 5238, and so circumstanced as to be entitled to complain, the provisions of article 5238 must be read into the lease, and landlord is required, in order to have a lien for the first six months of the year, to file with the county clerk of the proper county the statement required by article 5238. The time for filing such statement is not limited by article 5238. In re McLaughlin (D. C.) 10 F.(2d) 810. But, if at the time of filing such statement, and thereby securing the lien, there were "Unsecured Creditors" of the bankrupt, such as are mentioned in article 5238, the claims of such "Unsecured Creditors" are by such article made superior to the lien of landlord so fixed.

■ 3. The word "Creditors" in many of the Texas statutes governing liens, the creation of liens, and the registration and/or recording of liens, has been construed by the courts to mean creditors who have a lien by contract, or have acquired a lien by some process of law. See article 5490, Texas Revised Civil Statutes 1928 (Vernon's Ann. Civ. St. art. 5490). Also Alsbury v. Alsbury (Tex. Civ. App.) 211 S. W. 652, and cases there cited, as illustrative of such statutes and construction given them by the courts.

Having in mind apparently such statutes and the construction given them, the Legislature, in enacting article 5238, clearly used the words "Unsecured Creditors" in the sense that such words are generally used and understood; i. e., creditors who have no liens of any kind, in other words, general creditors. The referee's certificate shows claims of "Unsecured Creditors," or general creditors, or creditors who have no liens, against the bankrupt estate, aggregating approximately $12,000. Since the petition in bankruptcy was filed March 28, 1932, such claims necessarily existed and were owing on and before such date.

■ 4. Passing now to the question of the landlord's lien, and the securing thereof under

---

[1] This article reads as follows: "Art. 5238. Owners of buildings lien.—All persons leasing or renting any residence, storehouse, or other building, shall have a preference lien upon all property of the tenant in such residence, storehouse, or other building for the payment of rents due and to become due *provided that in order to secure the lien for rents that are more than six months due, it shall be necessary for the person leasing or renting any storehouse or other building which is used for commercial purposes, to file in the office of the county clerk of the county in which such storehouse or such other building is situated, a sworn statement of the amount of rent due, itemized as to the months for which it is claimed to be due, together with the name and address of the tenant, a description of the rented premises, the date on which the rental contract began and that on which it is to terminate, verified by the person claiming such lien, his agent or attorney, and such statement when so verified shall be recorded by the county clerk in a book to be provided for such purpose. No lien for rent more than six months past due upon any storehouse or other building rented for commercial purposes shall be valid as against bona fide purchasers or unsecured or lien creditors of said tenant, unless said statement shall be verified, filed and recorded as above provided.*

"Each county clerk shall keep an alphabetical index for the purpose of recording the rental liens above described.

"The lien for rents to become due shall not continue or be enforced for a longer period than the current contract years, it being intended by the term 'current contract years' to embrace a period of twelve months, reckoning from the beginning of the lease or rental contract, whether the same be in the first or any other year of such lease or rental contract. Such lien shall continue and be in force so long as the tenant shall occupy the rental premises, and for one month thereafter; but this article shall not be construed as in any manner repealing or affecting any Act exempting property from forced sale."

[2] Paragraph 9 reads as follows: "It is expressly, agreed and understood by and between the parties that the lessor shall have, and by this contract has, a valid first lien upon any and all the goods, furniture, chattels or property of any description, belonging to the lessee, as security for the payment of all rent due or to become due, and any and all exemption laws in force in this state by which said property might be held, are hereby expressly waived, and lessee agrees not to remove any of his property from said premises without the express consent of the lessor, until all his obligations under this lease contract have been fully discharged.'

article 5238. The referee's certificate and papers accompanying same show that landlord duly filed its statement with the proper county clerk on March 25, 1932, and that it was recorded March 28, 1932, at 4 p. m.

But it said that the county clerk's certificate to such statement shows it to have been recorded in the "Mechanic Lien Record." An examination of such certificate discloses that it is certified that the statement was recorded in the "M. L. Record." In deference to the referee's findings, it will be assumed that this was the mechanic lien record. The wording of the article is that such statement shall be recorded by the clerk *"in a book to be provided for such purpose,"* and, in the absence of evidence to the contrary, it will be presumed that the clerk performed his duty by recording same in the mechanic lien record.

The matter of the index required by the article is also pressed. Whether the clerk did or did not keep an alphabetical index such as is mentioned in the article is not made material by such article in determining whether landlord secured its lien. The securing of the lien is not made dependent upon the index.

The securing of the lien under the article is made dependent, however, upon such statement being *"verified, filed and recorded,"* and therefore landlord's lien did not become secured under such article until the statement was recorded March 28, 1932, at 4 p. m. And it did not become secured then, or at all, if the petition in bankruptcy, which is marked filed March 28, 1932, but the hour not given, was in fact filed prior to 4 p. m. of that date.

5. Since the indebtedness of bankrupt to such unsecured creditors existed, as stated, on and before March 28, 1932, at 4 p. m., their rights are superior to bankrupt's lien (if a lien there be) for the first six months of the year, and the referee was in error in holding otherwise.

As to distribution among unsecured creditors themselves, see Moore v. Bay, 284 U. S. 4, 52 S. Ct. 3, 76 L. Ed. 133.

It is not necessary to discuss other questions raised. That part of the order of the referee holding that the landlord has a lien for the first six months' rent is reversed and matter sent back to referee for proceedings not inconsistent with this opinion. Such order is in other respects affirmed.

Let a decree be drawn and presented accordingly.