## KOKERNOT–NIXON PROPERTIES, Inc., v. WRIGHT.

### No. 6797.

Circuit Court of Appeals, Fifth Circuit.

Dec. 19, 1933.

Rehearing Denied Jan. 13, 1934.

B. D. Tarlton, of Corpus Christi, Tex., for appellant.

C. D. Johns and John S. McCampbell, both of Corpus Christi, Tex., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The Toggery, Inc., was adjudged bankrupt on March 28, 1932, on its voluntary petition filed on the same date. The appellant filed proof of a secured debt for the rent due for the months from and including April, 1931, to and including March, 1932, under a lease made by the appellant to the bankrupt of a store building occupied by the latter. The court allowed the claim asserted as to the rent for the last six months mentioned and decided that appellant was not entitled to a lien or secured claim for the part of the rent which was more than six months past due when the bankruptcy petition was filed.

In re Toggery, Inc. (D. C.) 60 F.(2d) 311. On March 25, 1932, appellant filed in the office of the county clerk of the county in which the storehouse is located a verified statement of the rents claimed to be due for the above-mentioned months, and that statement was recorded at 4 o'clock p. m., March 28, 1932. At the time the bankruptcy petition was filed there were unsecured claims against the bankrupt amounting to approximately $12,000.

The appellant's right to a landlord's lien is dependent upon the Texas statute, set out in the margin,[1] the italicized part of which was added by amendment in 1919.

Nothing in the part of the statute which was added by amendment indicates a purpose to deal with the lien for rents which are due six months or less. That part of the statute prescribes requirements to be complied with "in order to secure the lien for rents that are more than six months due." It seems that as used in the just-quoted part of the statute the words "to secure" meant to obtain or preserve, with the result of making the acquisition or preservation of a lien for rents more than six months due dependent upon a compliance with the prescribed requirement. A purpose to protect unsecured

[1] "All persons leasing or renting any residence, storehouse, or other building, shall have a preference lien upon all property of the tenant in such residence, storehouse, or other building for the payment of rents due and to become due *provided that in order to secure the lien for rents that are more than six months due, it shall be necessary for the person leasing or renting any storehouse or other building which is used for commercial purposes, to file in the office of the county clerk of the county in which such storehouse or such other building is situated, a sworn statement of the amount of rent due, itemized as to the months for which it is claimed to be due, together with the name and address of the tenant, a description of the rented premises, the date on which the rental contract began and that on which it is to terminate, verified by the person claiming such lien, his agent or attorney, and such statement when so verified shall be recorded by the county clerk in a book to be provided for such purpose. No lien for rent more than six months past due upon any storehouse or other building rented for commercial purposes shall be valid as against bona fide purchasers or unsecured or lien creditors of said tenant, unless said statement shall be verified, filed and recorded as above provided.*

*"Each county clerk shall keep an alphabetical index for the purpose of recording the rental liens above described.*

"The lien for rents to become due shall not continue or be enforced for a longer period than the current contract years, it being intended by the term 'current contract years' to embrace a period of twelve months, reckoning from the beginning of the lease or rental contract, whether the same be in the first or any other year of such lease or rental contract. Such lien shall continue and be in force so long as the tenant shall occupy the rental premises, and for one month thereafter; but this article shall not be construed as in any manner repealing or affecting any Act exempting property from forced sale." Revised Civil Statutes of Texas 1925, art. 5238.

318

creditors of a tenant of a storehouse or other building rented for commercial purposes against the landlord's claim for rent more than six months due is plainly manifested by the provision that "no lien for rent more than six months past due upon any storehouse or other building rented for commercial purposes shall be valid as against bona fide purchasers or unsecured creditors of said tenant, unless said statement shall be verified, filed and recorded as above provided." That purpose would be frustrated by giving to a compliance with requirement of the statute, after the accrual of debts of the tenant to unsecured creditors, the effect of subordinating those debts to a lien in favor of the landlord for rents then more than six months past due. We are of opinion that, as to creditors of the tenant whose debts accrued before the statutory requirement, including the record provided for, was complied with, the statute has the effect of preventing the acquisition of a valid lien in favor of the landlord for rents more than six months past due when such compliance occurred. We conclude that the ruling under review was not erroneous.

The decree is affirmed.