## CROOK v. ZORN.

### No. 8685.

Circuit Court of Appeals, Fifth Circuit.

April 6, 1938.

W. M. Crook, of Beaumont, Tex., for appellant.

Chas. F. Heidrick and Lamar Cecil, both of Beaumont, Tex., for appellee.

Before SIBLEY and HOLMES, Circuit Judges, and MIZE, District Judge.

HOLMES, Circuit Judge.

This appeal is from an order of the District Court sustaining a petition for review by appellee to set aside an order of the referee allowing parts of appellant's claim for rent, with statutory lien therefor, and sustaining the order of the referee on appellant's petition for review from the allowance of certain claims as secured and having priority over the claim of appellant. Under the holdings of the District Court, as well as the view we take of the matter, the second proposition becomes moot.

On November 22, 1933, appellant leased a certain store building in Beaumont, Tex., to the bankrupt, a Texas corporation. By this lease, the property was let for the period from February 1, 1934, to January 31, 1939. The rental was $30,000, payable in monthly installments ranging from $400 per month during the first year to $600 per month during the fifth year. Appellant had the option to terminate the lease in case of default by the lessee. On October 15, 1936, the bankrupt was in default in the payment of rents, and on that date another agreement was made.

The second agreement was in the form of a letter from appellant to the bankrupt. It recited the default and alleged other breaches in the original agreement. It then proposed a rental on a month-to-month basis according to the terms of the original lease, except as otherwise provided therein, at the rate of $750 per month, provided that the lessee agreed to vacate the premises on ninety days' written notice from the lessor, the right of the lessee to occupy to continue thereunder until January 31, 1939, subject to appellant's right to terminate, and provided that, after April 1, 1937, but not prior thereto, lessee should have the right to terminate by giving ninety days' written notice of intention to move. The lessor agreed to accept notes covering the unpaid balance which then amounted to $2,000.

On December 12, 1936, the lessee was adjudicated a bankrupt, and shortly thereafter filed its schedules, listing appellant as a secured creditor with claims in the amount of $750 for the current month and $2,000 with interest, as evidenced by a note given pursuant to the second agreement. In due time, appellant filed proof of a secured claim in the amount of $9,518.75. This amount was arrived at by adding to the amount due on the note the rentals under the contract by letter of October 15, 1936, for one year from that date, but the claim conceded a reduction if the trustee should elect to terminate by giving ninety days' written notice of intention to move on April 1, 1937. The amount of the claim when so reduced is $7,268.75. The trustee duly filed his objection to the allowance of the claim as secured. On January 15, 1937, the trustee gave notice to terminate the lease on thirty days' notice, without liability for additional rent.

The assets of the estate were sold, but did not bring enough to pay the claim of appellant in full. Thereupon appellant petitioned the referee to direct the trustee to hold the funds intact subject to his claim, without the payment of the fees and expenses other than those necessary to the preservation of the estate.

Article 5238, Revised Statutes of Texas, provides as follows:

"All persons leasing or renting any residence, storehouse or other building, shall have a preference lien upon all property of the tenant or of any subtenant of such tenant in such residence, storehouse or other building, for the payment of rents due and to become due. * * *

"The lien for rents to become due shall not continue or be enforced for a longer period than the current contract years, it being intended by the term 'current contract years' to embrace a period of twelve (12) months, reckoning from the beginning of the lease or rental contract, whether the same be in the first or any other year of such lease or rental contract. Such lien shall continue and be in force so long as the tenant shall occupy the rental premises, and for one (1) month thereafter; but this Article shall not be construed as in any manner repealing or affecting any Act exempting property from forced sale."

Appellant contends that the agreement of October 15, 1936, was a complete novation of the prior lease agreement, and created a new term under which the contract year began on October 15th. Appellee denies this, contending that the beginning and ending of the contract year remained the same under both contracts.

A novation as contended for by appellant is simply the creation of a new contract in place of an old one. The formation of the new contract must be by the process by which any other contract is made. Thus there must be offer and acceptance, or meeting of the minds, and consideration. To effect a novation, all the parties must intend to terminate the old agreement and to substitute or create one that is entirely new. In so doing, the parties may adopt the writing evidencing the old as an integration of some of the terms of the new; but in such cases the minds of the parties must have met again on those terms and provisions under such circumstances as would amount to a new

contract. Such an intention is never presumed; and a novation arises as the legal consequence of an express agreement therefor, or from acts, conduct, and circumstances proving such an agreement even though not expressed. Scott v. Atchison, 36 Tex. 76; Id., 38 Tex. 384; Dickinson v. Carter, Tex.Civ.App., 246 S.W. 739; Frost v. First State Bank & Trust Co., Tex.Com.App., 276 S.W. 222; Street v. Smith Brothers Grain Co., Tex. Civ.App., 255 S.W. 778; Austin v. Guaranty State Bank, Tex.Civ.App., 300 S.W. 129; Commercial National Bank v. Poulos, Tex.Civ.App., 8 S.W.2d 222. Intention being the controlling element, it is evident that, as pointed out in Commercial National Bank v. Poulos, supra, each case involving a question of whether or not a novation has been effected must be decided on its own facts.

■ Considering the agreement of October 15, 1936, in the light of the circumstances under which it was made, it does not appear that there was any agreement that the old contract should be wholly abandoned. It began with a recitation of the circumstances which enabled appellant to terminate the relationship of landlord and tenant, if he had chosen to do so, and then dictated the terms and conditions under which he would refrain from forfeiting the lease. Appellant offered to accept an increased rental for the remainder of the term and notes for past-due rent, together with a modification of the original lease as to the manner in which it might be terminated by act of the parties, as the conditions under which he would permit the continued occupancy of the demised premises for the remainder of the term. The bankrupt was given the option to accept these terms or vacate the premises. Whatever appellant intended, it is certain that the bankrupt accepted the new agreement only as a modification and continuation of the original term. This view is consistent with every term and provision in the new agreement. Under it, there was no eviction, and occupancy continued undisturbed. The occupancy was to continue for the remainder of the term created by the old lease. There was nothing evidencing an intention to terminate the old agreement, but, on the contrary, it was expressly kept alive as modified by the new. Under this view, the current contract year remained unchanged and was established by the original agreement.

The contract year being from February 1st to January 31st, appellant's lien attached for that period only. The court properly allowed the claim and lien for the contract year so determined, and for the time during which the trustee occupied the premises. The other questions presented by the record are immaterial.

The judgment of the district court is affirmed.