EBENSBERGER et al. v. SINCLAIR RE-
FINING CO.
No. 12155.

Circuit Court of Appeals, Fifth Circuit.
Feb. 11, 1948.

Rehearing Denied March 15, 1948.

---

804

J. B. Lewright, of San Antonio, Tex., for appellants.

Alfred McKnight and Sloan Blair, both of Fort Worth, Tex., and W. R. Smith, Jr., of San Antonio, Tex., for appellees.

Before HUTCHESON, McCORD, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellee, plaintiff below, alleging that the tract was worth in excess of $7500, the agreed contract price for it, brought this suit against appellants, defendants below, for specific performance.

The petition alleged: that plaintiff had on May 4, 1937, leased the land from defendants' predecessors in title under a written lease for a term of 13 years, one of the provisions of which gave plaintiff an option during the term of the lease to purchase the property for $7500 upon giving 30 days' notice of its intention so to do; that on June 3, 1938, appellants, with full knowledge of the lease containing the option contract, purchased the property, agreeing in all respects to be substituted for the named lessor and to be bound by and faithfully perform all of the terms, conditions and obligations of the lease; that plaintiff, on or about the 11th of October, 1946, determined to exercise its option to purchase the property and gave the notice the lease required; but that defendants, refusing to perform the contract and convey the property, advised plaintiff that they were not bound to and would not do so.

Defendants moved to dismiss for want of jurisdiction because the petition did not sufficiently allege that the property involved was worth more than $3000 in excess of the contract price of $7500. The motion overruled, defendants answered, admitting all of the facts alleged, but pleading coverture,

that is; that on the face of the complaint it appeared that defendant Ed W. Ebensberger, was a mere pro forma defendant; that the property was the separate property of Ella Ebensberger; that the suit was to enforce an executory contract against her in that she, in accepting the assignment and conveyance to her of all the right, title and interest of her predecessor, "agreed to be bound by and to faithfully perform all the terms, conditions, covenants and obligations in said lease agreement contained, and to in all respects be substituted for the lessor named in the lease agreement"; that plaintiff had consented to the assignment; and that by reason of her coverture, the agreement was not binding on, and could not be enforced against, her.

Thereafter, both plaintiff and defendants moving for judgment on the pleadings, defendant's motion was denied, plaintiff's was granted, and there was judgment for plaintiff for specific performance as prayed.

Appellants are here pressing upon us two reasons for reversal. The first is that the amount in controversy was not the contract price for, or the value of, the property, but the damages which plaintiff would have suffered if specific performance had been denied, that is, the difference between the value of the property and the contract price, and it not being sufficiently alleged that this was in excess of $3000, it was error to deny the motion to dismiss for want of jurisdiction.

The second reason advanced is that under the assignment to appellants, and appellee's agreement to it, the contract sought to be enforced became the contract of Mrs. Ebensberger and her coverture prevented its enforcement.

As to the point on jurisdiction, appellee insists that the amount in controversy is the value of the property sought to be acquired by the suit but, if not, the petition affirmatively alleges the necessity to appellee's business of the property, the subject of the contract, and that if denied specific performance, it would suffer irreparable damage in an amount which "will far exceed the sum and value of $3000, exclusive of interest and costs".

As to the defense of coverture, appellee points out that the contract which it seeks to enforce is not the contract of Mrs. Ebensberger but the contract in the lease made with her predecessors in title, and that appellee in consenting to the assignment did not, as contended by appellant, make a new contract with her, but, on the contrary, consented to the assignment upon the condition that the assignment should be subject to the terms, covenants and conditions of the lease agreement. It insists that appellant, having taken title with full knowledge of those conditions, cannot resist their enforcement.

We agree with appellee. Contrary to appellant's contention, the amount in controversy in this case was not the damages which appellee might suffer if its suit for specific performance were denied. It was the value of the property[1] sought to be acquired by the suit, in this case admittedly $7500. But if the suit be viewed as one for damages, the petition sufficiently alleges that these damages would be in excess of $3000.

On her defense of coverture, appellant stands no better. The suit is not one to enforce against a married woman an executory agreement made by, and, therefore, under the settled law of Texas not enforceable[2] against, her. The suit is one to enforce an option to purchase contained in the lease to appellee made nearly 10 years before by appellant's predecessor in title. Under settled law such an option, when accepted, is "specifically enforceable in equity"[3] not only as between the lessor and lessee, but as against his assigns with notice, even though the covenant is not of a character to run with the land.[4]

Whether then, as contended by appellants, the contract of which enforce-

---

[1] Corbin v. County of Black Hawk, 105 U.S. 659, 26 L.Ed. 1136; Stinson v. Dousman, 20 How. 461, 61 U.S. 461, 15 L.Ed. 966; Peterson v. Sucro, 4 Cir., 93 F.2d 878, 114 A.L.R. 890.

[2] Pickens v. Bacle, 129 Tex. 610, 104 S.W.2d 482.

[3] 49 Am.Jur., Specific Performance, Section 120, p. 141.

[4] 49 Am.Jur., Specific Performance, Sec. 124, p. 144.

ment is sought, was, under Texas law, a mere personal contract or, as contended by appellee, and as we believe it to be, was a covenant running with the land and not a mere collateral or personal one,[5] it is enforceable in this case under the general rule that "specific performance of a contract may be decreed not only between the parties but between all those claiming under them in privity of estate or representation or title, unless other controlling equities intervene."[6]

In so holding, we have not overlooked the claim that, whatever might be the case, but for the agreement of appellants as set out in the assignment to them, and appellee's consent to the assignment, the suit, because of that agreement and that assent, is not on the original agreement made with appellant's predecessors but is upon the new agreement made with appellants. We think it plain that the relied on agreement and assent were in no sense a novation of the old contract both because they negative instead of evidencing an intention "to terminate the old agreement and to substitute or create one that is entirely new",[7] and, because if a novation was intended, it would be invalid for want of consideration.[8]

The judgment was right. It is affirmed.

---

[5] Stone v. Tigner, Tex.Civ.App., 165 S.W.2d 124, 127; Knox v. Brown, Tex. Com.App., 277 S.W. 91; Cf. Keogh v. Peck, 316 Ill. 318, 147 N.E. 266, 38 A. L.R. 1151.

[6] 49 Am.Jur., Specific Performance, Sec. 147, p. 170, Sec. 151, p. 174;

Smith v. Bangham, 156 Cal. 359, 104 P. 689, 28 L.R.A.,N.S., 522.

[7] Crook v. Zorn, 5 Cir., 95 F.2d 782, 783.

[8] Money v. Dameron, Tex.Civ.App., 70 S.W.2d 291; Tex.Jur. Vol. 31, pp. 397, 398.