UNITED STATES et al. v. SCOTT & GREGG REAL ESTATE CO. et al.

No. 9879.

Court of Civil Appeals of Texas. Austin.

April 26, 1950.

H. W. Moursund, United States Attorney, and Bradford F. Miller, Ass't. U. S. Atty., both of San Antonio, for appellants.

J. W. Townsend, of Austin, for appellees.

ARCHER, Chief Justice.

This appeal involves the sole question of the relative rights to priority of payment of claims of the United States for income, withholding, employment, and Federal insurance contributions taxes, and of a landlord for rent, in this receivership proceed-

ing, wherein the fund from which payment is to be made arises from the sale of personal property of the debtor located on the landlord's premises.

The point relied on is that the United States is entitled to payment of its claim for taxes prior to payment of the claim of Scott and Gregg Real Estate Company for rent, in a receivership of the nature of this case, by virtue of the provisions of 31 U.S.C.A. § 191, R.S. § 3466.

Scott and Gregg Real Estate Company was the owner of a building in which Pattons, Inc., had operated a taxicab and car storage business for a number of years, and had in the building equipment and furniture not subject to any recorded lien. The rental contract was for one year, which had been extended for additional annual periods from time to time.

On June 7, 1949, a foreclosure and receivership proceeding was filed by a creditor bank against Pattons, Inc. The Real Estate Company intervened on the 16th of September, 1949, and sought foreclosure of its statutory lien, and filed with the County Clerk a verified statement showing delinquent rents of $1,675.

On October 10, 1949, the United States filed its motion for priority of payment of its claim (stated to be $5344.25). The court denied priority of the claim and entered judgment for the landlord.

Article 5238, R.S., Vernon's Ann.Civ.St. art. 5238, grants landlords a preference lien as against certain other lienholders, and makes provision for collection by foreclosure, and a manner to fix this lien.

The furniture and equipment were sold by the receiver for $500, which was deposited in the registry of the court.

Prior to the institution of the suit and receivership the Real Estate Company had not taken any measures to fix or foreclose its lien.

There is no question of the insolvency of the debtor. A receiver had been appointed and had taken charge of the estate. This was an act of bankruptcy within the meaning of Section 3 of the Bankruptcy Act, 11 U.S.C.A. § 21, thus entitling the United States to the priority given

by Section 3466. People of State of Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 67 S.Ct. 340, 91 L.Ed. 348; U. S. v. Waddill, Holland. & Flinn, Inc., 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294; U. S. v. Texas, 314 U.S. 480, 62 S.Ct. 350, 86 L.Ed 356.

31 U.S.C.A. § 191, provides: "Priority established. Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed. (R.S. § 3466.)"

▮ In the case of United States v. Waddill, Holland & Flinn, Inc., 1945, 323 U.S. 353, 65 S.Ct. 304, 305, 89 L.Ed. 294, the court in its opinion stated:

"Section 3466 of the Revised Statutes provides in pertinent part that 'the debts due to the United States shall be first satisfied' whenever any person indebted to the United States is insolvent or, 'not having sufficient property to pay all his debts, makes a voluntary assignment thereof.' We hold that this statute clearly subordinates the claims of both the landlord and the municipality to that of the United States. The judgment of the court below must accordingly be reversed.

"The words of Section 3466 are broad and sweeping and, on their face, admit of no exception to the priority of claims of the United States. * * * But this Court in the past has recognized that certain exceptions could be read into this statute. The question has not been expressly decided, however, as to whether the priority of the United States might be defeated by a specific and perfected lien upon the prop-

erty at the time of the insolvency or voluntary assignment. * * * It is within this suggested exception that the landlord and the municipality seek to bring themselves. Once again, however, we do not reach a decision as to whether such an exception is permissible for we do not believe that the asserted liens of the landlord and the municipality were sufficiently specific and perfected on the date of the voluntary assignment to cast any serious doubt on the priority of the claim of the United States.

*   *   *   *   *   *

"Tested by its legal effect under Virginia law, the landlord's lien in this instance appeared to serve 'merely as a caveat of a more perfect lien to come.'

*   *   *   *   *   *

"* * * These interpretations of the Virginia statutes, as propositions of state law, are binding. But it. is a matter of federal law as to whether a lien created by state statute is sufficiently specific and perfected to raise questions as to the applicability of the priority given the claims of the United States by an act of Congress. If the priority of the United States is ever to be displaced by a local statutory lien, federal courts must be free to examine the lien's actual legal effect upon the parties. A state court's characterization of a lien as specific and perfected, however conclusive as a matter of state law, cannot operate by itself to impair or supersede a long-standing Congressional declaration of priority."

▮ In view of the statutes above noted and of the cases cited here, we do not believe that the landlord's statutory lien was either specific or perfected on June 7, 1949, the day of the institution of the receivership proceedings, and that the lien of the United States was entitled to priority in payment over that of the landlord.

The judgment of the trial court is reversed and judgment is rendered in favor of the United States.

Reversed and rendered.