ROCHELLE v. McLENDON.
No. 14609.

United States Court of Appeals
Fifth Circuit.
Dec. 9, 1953.
Rehearing Denied Feb. 4, 1954.

John Plath Green, Philip I. Palmer, Dallas, Tex., for appellant.

Hawkins Golden, Leake, Henry, Golden & Burrow, Dallas, Tex., for appellee.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal by the trustee in bankruptcy from an order of the district court, which allowed, as a secured claim, the amount of damages accruing to the landlord for the remainder of the current contract year by reason of the rejection of the lease by the trustee and the surrender of the premises to the landlord more than a month after the tenant had ceased to occupy the premises. All accrued rent was paid in full, not only to the date of bankruptcy, but thereafter until the surrender of possession of the premises by the trustee to the landlord. The district court reversed the decision of the referee, and allowed the landlord a statutory lien under Texas law for the agreed amount of his damages for the loss of rent for the balance of the current year.

Pursuant to Rule 76, 28 U.S.C.A. the facts in this case have been agreed upon and certified to this court as the record on appeal. Among other facts, it appears that the lease was in writing and was for a term of five years, beginning February 1, 1951, at a rental of $1000 per month; that the bankrupt occupied the leased premises and placed therein the principal portion of his assets, which occupancy continued until May 28, 1952, the date of bankruptcy, after which the trustee occupied the premises until the 22nd day of July, 1952, on which date the trustee rejected the lease; that subsequently, under an order of sale by the referee, the physical assets on the premises were sold for a total consideration of $40,000. All existing liens were preserved by said order, and it was stipulated that the loss of rent to the landlord, representing the difference between the lease rental and the reasonable rental value of the premises from July 22, 1952, the date of rejection of the lease by the trustee, to February 1, 1953 (being the balance of the current contract year under the lease), was $4550. Other than the filing of the lease contract for record, 12 days before bankruptcy, no affidavit or other instrument was filed with the County Clerk of Dallas County, Texas.

The question for our decision is one of law, and it is this: Are damages for the anticipatory breach of the lease contract, based on the loss of unearned future rent, entitled to any preferential payment over the unsecured claims of general creditors? The appellee's damages cannot be allowed as a priority claim, because Section 64, sub. a(5), 11 U.S.C.A. § 104, sub. a(5), applies only to

earned rent which accrued within three months prior to bankruptcy, and none of the rent claimed here was earned prior to bankruptcy; it cannot be allowed as a claim secured by a contract lien, because Section 60 of the bankruptcy act provides that any transfer of property for the benefit of creditors, made while the debtor is insolvent and within four months prior to bankruptcy, may be avoided by the trustee as a preference. Under this section, the date of this transfer was the date of the filing of the lease contract for record, which was 12 days prior to bankruptcy and one day subsequent to the cessation of business by the bankrupt. This was while the bankrupt was insolvent and when the claimant knew or had reason to believe that such insolvency existed.

Under Article 5238 of the Revised Civil Statutes of Texas, Vernon's Ann. Civ.St., where as here no affidavit was filed by the landlord, the lien is inchoate, and such a lien for rent under state law, accompanied by possession of the landlord, may be completed or perfected in bankruptcy; but an inchoate lien upon property in the possession of the debtor at the time of bankruptcy is cut off by the lien of the trustee who, under Section 70, sub. c, is vested with all the rights, remedies, and powers of a creditor holding a lien thereon by legal or equitable proceedings whether or not such creditor actually exists.

Prior to the Chandler Act, no claim for damages for the anticipatory breach of a rent contract was provable in bankruptcy. To remedy this situation, which was deemed unfair to landlords, Section 63, sub. a(9) was enacted, but there is nothing in the language of this section that gives a preferred status to such claims. Section 67, sub. c of the Act of 1938 provides that statutory liens on personal property not accompanied by possession, and liens whether statutory or not of distress for rent, shall be restricted in the amount of their payment to the same extent as is provided for wages and rent, respectively, in sub-section a of Section 64 of said Act. The plain meaning of this is that, where the landlord has not taken possession of the goods and chattels of the bankrupt at the time of bankruptcy, he shall be paid as a lien creditor only to the extent of the rent accrued and unpaid within three months prior to bankruptcy. The language of the statute and the Congressional reports thereon make clear that this was the legislative intent. House Report No. 1409 on the Chandler Act, 75 Congress, 1st Session, July 29, 1937, pp. 15 and 16; also House Report No. 2320 to Senate Bill No. 2234, 82nd Congress, 2nd Session, 1952, p. 13; Collier's Bankruptcy Manual, 1952, p. 827, Sec. 67.17 and Supplement, p. 231; Remington on Bankruptcy, Vol. 4a, p. 416, and Vol. 4, p. 478; In re Toggery, Inc., D.C., 60 F.2d 311, affirmed, Kokernot-Nixon Properties, Inc., v. Wright, 5 Cir., 68 F.2d 317; Jandrew v. Bouche, 5 Cir., 29 F.2d 346; In re Allen, D.C., 92 F.Supp. 717; U. S. v. Scott-Gregg Real Estate Co., Tex.Civ. App., 229 S.W.2d 888.

The appellee relies heavily upon Whiteside v. Rocky Mountain Fuel Co., 10 Cir., 101 F.2d 765; Rocky Mountain Fuel Co. v. Whiteside, 10 Cir., 110 F.2d 778, 129 A.L.R. 698; Crook v. Zorn, 5 Cir., 95 F.2d 782; Lontos v. Coppard, 5 Cir., 246 F. 803; and Martin v. Orgain, 5 Cir., 174 F. 772; but all of these cases arose prior to the Chandler Act and prior to the enactment of Section 67, sub. c in 1938. True, the decision in Crook v. Zorn, supra, was rendered in 1938, but it rested on a fact situation that arose when the bankrupt was adjudicated in 1936; and in the Rocky Mountain Fuel case, supra, the bankrupt was adjudicated in 1937.

The order appealed from is reversed, the decision of the referee confirmed, and judgment rendered here in accordance with this opinion.

Reversed and rendered.