**In the Matter of GLOBE SOLVENTS CO., INC. (Mercer Oil and Chemical Company Cause No. 73-170 consolidated with this matter),**

**No. 73-166.**

United States District Court,
E. D. Pennsylvania.

March 26, 1975.

---

Joseph E. Gold, Philadelphia, Pa., for Becker and Cutler, Landlords.

Daniel E. Bacine, Philadelphia, Pa., for Trustee of Debtor.

## OPINION

DITTER, District Judge.

This appeal from the order of a bankruptcy judge[1] raises two questions: one concerns a landlords' claim for rent, the other, the propriety of allowing the landlords to increase their claim for damages which occurred during debtor's occupancy.

On June 1, 1969, appellants William Cutler and Henry L. Becker entered into a five-year lease with debtor for the rental of the first floor of certain property located in Philadelphia, Pennsylvania. The lease provided in part:

If the Lessee

\* \* \* \* \* \*

(d) Becomes insolvent, or makes an assignment for the benefit of creditors, or if a petition in bankruptcy is filed by or against the Lessee, or a bill in equity or other proceeding for the appointment of a receiver for the Lessee is filed, or if proceedings for reorganization or for composition with creditors under any State or Federal law be instituted by or against Lessee, or if the real or personal property of the Lessee shall be sold or levied upon by any Sheriff, Marshall or Constable; then and in any or either of said events, there shall be deemed to be a breach of this lease, and thereupon ipso facto and without entry or other action by Lessor;

\* \* \* \* \* \*

(2) This lease and the term hereby created shall determine and become absolutely void . . . ; whereupon, Lessor shall be entitled to recover damages for such breach in an amount equal to the amount of rent reserved for the balance of the term of this lease, less the fair rental value of the said demised premises, for the residue of said term.

On March 9, 1973, when the lease still had approximately 15 months to run, debtor filed a petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 *et seq.* Debtor's plan of arrangement was confirmed, and appellants filed a proof of claim for rent and property damage. Debtor objected to the proof of claim, and after a hearing at which appellant Becker testified, the bankruptcy judge entered an order allowing appellant priority for rent due before the bankruptcy petition was filed and for use and occupancy by the trustee thereafter.

In addition, appellants claimed damages for unpaid rent to the end of the lease, less rent to be received from a new tenant to whom the premises were leased. The bankruptcy judge allowed this claim but gave appellants no priority, thus affording them the status of unsecured creditors, entitled to 20 per cent of their claim under debtor's plan of arrangement.

On this appeal, appellants contend the bankruptcy judge erred in placing them in the status of unsecured creditors as to their claim for future rent. Moreover, at the hearing below and at argument before this court, appellants sought to amend their original proof of claim

---

1. Rules 801 through 814 of the Rules of Bankruptcy Procedure, which took effect October 1, 1973, provide for appeals from judgments or orders of referees in bankruptcy to district courts.

for physical damages to include additional expenses in the amount of $3,200.-12.[2] The bankruptcy judge disallowed this claim. For the reasons which follow, I conclude that the court below correctly afforded appellants' unpaid rent claim twenty per cent treatment, but erred in refusing to permit appellants to amend their proof of claim to include the additional claim for property damage.

■ Largely owing to the contingent character of future rent, no claim for damages for the anticipatory breach of a rent contract was provable in bankruptcy prior to the enactment of Section 63(a)(9) of the Chandler Act,[3] 11 U.S.C. § 103(a)(9) (1938). See *Rochelle v. McLendon*, 208 F.2d 442, 443 (5th Cir. 1953). A "landlord's protection against losses through anticipatory breach lies primarily in a carefully drafted lease." 3A Collier on Bankruptcy ¶ 63.33[2], at 1938 n. 16 and cases cited therein. Where a lease, such as the one presently under consideration, covenants that bankruptcy constitutes a breach and entitles the landlord to certain damages, it is that covenant which remains the primary source of the landlord's rights as recognized and modified by Section 63(a)(9).

■ Under its plain terms, the lease between appellants and debtor was breached when debtor filed its petition for a Chapter XI arrangement, and plaintiff then acquired the right to assert a claim in the amount of rent reserved for the balance of the lease. Such a claim is not, however, entitled to any preferential payment over unsecured claims of general creditors of the bankrupt. As the Court of Appeals for the Fifth Circuit observed in *Rochelle v. McLendon, supra:*

> [T]here is nothing in the language of this section that gives a preferred status to such claims. Section 67, sub. c of the Act of 1938 provides that statutory liens on personal property not accompanied by possession, and liens whether statutory or not of distress for rent, shall be restricted in the amount of their payment to the same extent as is provided for wages and rent, respectively, in sub-section a of Section 64 of said Act. The plain meaning of this is that, where the landlord has not taken possession of the goods and chattels of the bankrupt at the time of bankruptcy, he shall be paid as a lien creditor only to the extent of the rent accrued and unpaid within three months prior to bankruptcy. The language of the statute and the Congressional reports thereon make clear that this was the legislative intent. House Report No. 1409 on the Chandler Act, 75 Congress, 1st Session, July 29, 1937, pp. 15 and 16; also House Report No. 2320 to Senate Bill No. 2234, 82nd Congress, 2nd Session, 1952, p. 13; Collier's Bankruptcy Manual, 1952, p. 827, Sec. 67.17 and Supplement, p. 231; Remington on Bankruptcy, Vol. 4a, p. 416, and Vol. 4, p. 478; *In re Toggery, Inc.*, D.C., 60 F.2d 311, affirmed, *Kokernot-Nixon Properties, Inc., v. Wright*, 5 Cir., 68 F.2d 317; *Jandrew v. Bouche*, 5 Cir., 29 F.2d 346; *In re Allen*, D.C., 92 F.Supp. 717; *United States v. Scott & Gregg Real Estate Co.*, Tex. Civ.App., 229 S.W.2d 888.

208 F.2d at 443. I fully agree, and therefore conclude that the bankruptcy

---

**2.** These claims represent payments made by appellants after the filing of their proof of claim for the repair of damages allegedly caused to the premises while debtor was in possession thereof. At the hearing below on July 18, 1974, appellant Becker testified that when they filed their proof of claim, he and his co-owner lacked sufficient funds to make these repairs.

**3.** That section provides:
Debts of the bankrupt may be proved and allowed against his estate which are founded upon . . . claims for anticipatory breach of contracts, executory in whole or in part, including unexpired leases of real or personal property . . . .

judge correctly accorded appellants' claim for anticipatory breach twenty per cent treatment.

Turning to appellants' second contention, the record demonstrates that at the hearing below, appellants' counsel attempted on three occasions [4] to amend the proof of claim which they originally had filed to include additional payments for physical damages to the leased property. Upon objection by debtor's counsel, on grounds of surprise, the bankruptcy judge refused the amendment. Although I am, of course, bound by the bankruptcy judge's findings of fact, unless they are clearly erroneous,[5] I believe that he erred as a matter of law in failing to permit amendment of the proof of claim.

It is well-settled that amendment of claims which are filed after the expiration of the statutory period provided by the Bankruptcy Act are not barred so long as such amendments do not seek to present an entirely new, different, separate, and distinct claim to that which was timely asserted. *Hutchinson v. Otis*, 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179 (1903); *In re Prindible*, 115 F.2d 21, 23 (3d Cir. 1940); *In re Diversified Brokers Company, Inc.*, 355 F.Supp. 76, 78 (E.D.Mo.1973). An amendment such as that in the instant case, which serves merely to increase the amount of the claim, plainly is not barred. See *In re Diversified Brokers Company, Inc.*, *supra* at 78, and cases cited therein.

Accordingly, the order of the bankruptcy judge of August 8, 1974, will be vacated and remanded solely for consideration of appellants' additional claims for physical damages. In all other respects the order is affirmed.

4. N.T. 7, 9, 33.

5. See Rule 810, Rules of Bankruptcy Procedure. Significantly, this rule does not retain the provision of General Order 47 (which courts applied when reviewing referee's orders

under § 39c of the Bankruptcy Act and which this rule revised), which authorized receipt of further evidence by the district court in connection with a review of a referee's orders or findings.