### In re WHITE MOTOR CORPORATION, Debtor.

**Bankruptcy No. B80–3361.**

United States Bankruptcy Court, N.D. Ohio, E.D.

April 10, 1986.

---

G. Christopher Meyer, Richard Gurbst, James Andrews, David Weiner, Cleveland, Ohio, for White Motor Corp.

Alan R. Lepene, Cleveland, Ohio, Marvin D. Heileson, Salt Lake City, Utah, Alan J. Maguire, Peter A. Ivanick, New York City, for Continental Corp.

## ORDER

WILLIAM J. O'NEILL, Bankruptcy Judge.

Continental Corporation (Continental) filed a motion for leave to amend its proof of claim. The motion is opposed by John Grigsby, as Trustee under the White Motor Corporation Reorganization Trust Agreement and successor in interest to White Motor Corporation (White Motor).

Upon consideration of counsels' arguments and briefs the Court finds:

1. On September 4, 1980, White Motor filed a petition to reorganize under Chapter 11 of the United States Bankruptcy Code.

2. During administration of the case, the Court established several claim bar dates for designated categories of claimants. The final bar date of August 30, 1983 is applicable to the Continental claim.

3. On August 27, 1983, Continental filed an Amended and Restated Proof of Claim which superseded previously filed claims. Specifically asserted is a general unsecured claim for $2,832,589.00 and an administrative expense priority claim of $1,505,965.00 based on White Motor's liability for insurance premiums. This claim # 47065 states that it is "subject to any policy audit and retrospective rating adjustments".

4. On November 10, 1983, White Motor objected to the Amended and Restated Claim.

5. White Motor's Disclosure Statement approved by order of September 2, 1983, contains the following language regarding the retro-premium policies:

"[C]ertain policies provide for additional assessments of premiums in amounts directly related to the amount of Claims paid or reserved against future exposure by the insurer. White Motor has begun negotiations with the insurer under such policies to reach an agreement as to the appropriate amount of its final Claim for additional premiums. At the present time, White Motor can give no assurances as to the amount of this final assessment of premium."

White Motor Disclosure
Statement, pp. 50–51.

6. White Motor's Second Amended Plan of Reorganization was confirmed on November 18, 1983. Pursuant to plan provisions, reserves were allocated for Continental's contested claim predicated upon the amounts of the timely filed claim. Under the confirmed plan, the Trustee has currently distributed 50% to the allowed general unsecured claimants and 100% to allowed priority claimants.

7. Continental seeks leave to file the Second Amended and Restated Proof of Claim to amend the sum requested for insurance premiums. An increased general unsecured claim of $5,685,760.00 and a decreased administrative expense priority claim of $1,352,668.00 are sought.

8. From January 1, 1975 to December 31, 1980, various insurers associated with Continental issued comprehensive liability and worker's compensation insurance policies to White Motor and subsidiaries. The policies covered two three-year periods from January 1, 1975 to December 31, 1977 and January 1, 1978 to December 31, 1980. Continental's claims are premised on White Motor's premium liability under the policies.

9. The policies provide for estimated annual premiums. In addition, White is obligated to pay retro-premiums which reflect actual losses paid by the insurer and loss reserves for unpaid claims estimated by the insurer. Thus White's liability is subject to periodic adjustment until the retro-premium is finalized.

10. The claim on file reflects Continental's calculation of the retro-premium through the bar date and includes amounts for actual losses then paid plus estimated loss reserves for unresolved claims against White Motor. In the proposed amended claim Continental adjusts the amount to reflect the updated resolved claims against White and the revised estimated reserves required for claims still pending. This proposed claim amends the amount allegedly owed Continental for losses paid since the bar date and adjustments to loss reserves effective November 22, 1985.

In brief, Continental seeks leave to amend its claim to accurately reflect White Motor's liability for premiums under various policies. If so authorized, the amendment enables White to reserve additional sums to pay the claim ultimately allowed. White maintains Continental had ample opportunity to quantify the claim prior to the bar date and a balancing of the equities fails to support the amendment.

■■■ Amendments to proofs of claim are freely allowed to cure a defect in the claim originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts of the original claim. *United States v. International Horizons, Inc.,* 751 F.2d 1213 (11th Cir.1985); and *First National Bank of Mobile v. Everhart,* (In re Commonwealth Corp.), 617 F.2d 415 (5th Cir.1980). Amendment is not permitted as a guise for filing an untimely claim. *International Horizons;* and *Commonwealth.* Amendment increasing the claim amount is appropriate as a supplement to a timely filed claim and not as a new or different claim. *Continental Motors Corp. v. Morris,* 169 F.2d 315 (10th Cir.1948); *In re Globe Solvents Co., Inc.,* 397 F.Supp. 544 (D.C.E.D. Pa.1975); and *In Re Hertz,* 38 B.R. 215 (Bankr.S.D.N.Y.1984). Principles of equity guide this determination to insure that "fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done". *Pepper v. Litton,* 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed.

281 (1939). While Federal Rule 15 which governs amendment to pleadings is not directly applicable to claims proceedings under Bankruptcy Rule 9014, the determination regarding amendment parallels considerations under that rule. *Futuronics Corp. v. Sycamore Industries, Inc.*, 23 B.R. 281 (S.D.N.Y.1982); and *In re Miss Glamour Coat Co., Inc.*, 80-2 U.S. T.C. ¶ 9737 (S.D.N.Y.1980). The critical consideration is whether the opposing party will be unduly prejudiced by the amendment. *Futuronics;* and *Hertz.*

 Continental's proposed amendment asserts the same claim for premiums that appears in the timely filed claim. The amount is increased to more accurately reflect alleged liability under the insurance policies. Moreover, the pending claim indicates that the amount due Continental on petition date is subject to revision. Under the prevailing circumstances, the amendment as requested is appropriate. Balancing the equities dictates a similar result. White Motor's premium liability under its policies is open-ended pending finalization of the retro-premium. The filed claim so states which accounts for Continental's attempt to quantify the ultimate liability. White Motor's asseveration that the claim should be limited to the 1983 estimate despite altered circumstances, is unreasonable. It is similarly unreasonable to determine White's liability as of 1983 without considering subsequent changes decreasing liability under the policies.

This Court is acutely sensitive to enforcing claims bar dates and effecting case finality. It is apparent from the very nature of the within claim, however, that quantification is not readily ascertainable. Consequently, it is imperative to allow the amendment to provide Continental the opportunity to prove its actual claim. Although the amount is sizeable, the requested amendment would, in reality, increase the general unsecured claim and reduce the priority claim in attempting to reflect actual losses paid and loss reserves posted. While the period from the bar date to request to amend is substantial, Continental was not unnecessarily dilatory nor is the lapsed time unduly prejudicial to the trust or creditors. At most, amendment will delay or reduce future distributions pending final resolution of Continental's claim.

Continental placed the Trustee, White Motor and creditors on notice that its claim was subject to revision. Moreover, because of the provision in the Disclosure Statement concerning retro-premium policies, White's creditors could not justifiably rely on the amount of Continental's pending claim. Due consideration of the within circumstances warrants authorizing the requested amendment.

For reasons stated herein, Continental's motion for leave to amend the timely filed claim # 47065 is granted.

IT IS SO ORDERED.