OCCIDENTAL CHEMICAL CORPORATION, Plaintiff–Appellant,

v.

John Wade BULLARD; Mary Bullard; Charity Mann; Mary E. Willis; Charity B. Trotter; Joseph B. Roberts, IV; Gordon L. Roberts and M. Slade Roberts, Defendants–Appellees.

No. 92–2627.

United States Court of Appeals, Eleventh Circuit.

July 21, 1993.

Hume F. Coleman, Susan L. Turner, Holland & Knight, Tallahassee, FL, for plaintiff-appellant.

S. Austin Peele, Darby, Peele, Bowdoin & Payne, Lake City, FL, for defendants-appellees.

Before FAY, and DUBINA, Circuit Judges, and GIBSON *, Senior Circuit Judge.

PER CURIAM:

Plaintiff Occidental Chemical Corporation ("Occidental") sued John Wade Bullard and others (collectively "Bullard") in federal district court for specific performance of a contract to sell a parcel of land. Subject matter jurisdiction was alleged to arise under 28 U.S.C. § 1332(a) by virtue of diverse citizenship of the parties. The district court concluded that Occidental had failed to show that the amount in controversy exceeded the $50,000 required in diversity cases and dismissed the complaint for lack of jurisdiction. Occidental appealed; we reverse.

## I. *Facts Alleged*

Occidental secured from Bullard a mineral lease on certain property in northern Florida for the purpose of extracting phosphate. Under the agreement, if any obligation is imposed by law or regulation to reclaim the land then Occidental must assume and perform that duty. Upon completion of reclamation activities, however, the lease grants Occidental an option to purchase the land outright from Bullard at the price of $40 per acre. If Occidental exercises its option to purchase the land, Bullard may avoid the option by paying the complete costs of reclamation.

Occidental commenced reclamation of some 281 acres of the land. After Occidental notified Bullard of its desire to exercise the option with respect to the parcel, allegedly in compliance with the terms of the contract, Bullard refused to execute a deed of conveyance and failed to tender payment of reclamation costs. This lawsuit followed, in which Occidental seeks two remedies: a declaration of rights under the contract and specific performance. R1–1.

## II. *Proceedings Below*

At the contract price of $40 per acre, Occidental would be obligated to pay Bullard

$11,240 in exchange for performance. Bullard moved to dismiss, contending that the property's value was the contract price and therefore the amount in controversy failed to exceed $50,000 as required to establish jurisdiction. R2–11. Occidental responded by submitting the affidavit of a certified real estate appraiser who opined that the property's fair market value was $98,350, arguing that the value of the land rather than the contract price established the amount in controversy. R1–10. The district court agreed with Bullard and dismissed the complaint. R2–29.

## III. *Discussion*

It appears from the facts alleged and the affidavit of the real estate appraiser that if Occidental had obtained a remedy at law it would have been entitled to at least $87,110 in damages representing the excess of the property's market value over the contract price and perhaps more in the nature of incidental and consequential damages. But this is not an action for damages. When the value of property sought to be obtained by specific performance exceeds the sum which might have been awarded in damages, the amount in controversy is established by the value of the property. *Ebensberger v. Sinclair Refining Co.,* 165 F.2d 803, 805 (5th Cir.), *cert. denied,* 335 U.S. 816, 69 S.Ct. 35, 93 L.Ed. 371 (1948); *cf. Stinson v. Dousman,* 61 U.S. (20 How.) 461, 466–67, 15 L.Ed. 966, 969 (1857) (equating value with contract price and finding the jurisdictional amount to be in controversy). Similarly, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advt'g Comm'n,* 432 U.S. 333, 347–48, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977). Therefore, the amount in controversy was $98,350, the property's undisputed fair market value.

To be sure, Occidental would be required to pay $11,240 in exchange for the

---

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

property, a fact which reduces the property's value to Occidental by this amount. On the other hand, the same principles of law that authorize the equitable remedy of specific performance recognize the unique value an individual parcel may have for the buyer. *E.g., Henry v. Ecker,* 415 So.2d 137, 140 (Fla.Dist.Ct.App.1982), *pet'n for review denied,* 429 So.2d 5 (Fla.1983). It is precisely because such values are unmeasurable in dollar terms that a court is authorized to require delivery of title rather than payment of money damages. *See George Vining & Sons v. Jones,* 498 So.2d 695, 697 (Fla.Dist.Ct.App. 1986); *cf. Bell v. Alsip,* 435 So.2d 840, 842 (Fla.Dist.Ct.App.) (holding that seller of land may obtain specific performance because "[o]wnership of real estate is at the same time an asset and a liability"), *pet'n for review dismissed,* 441 So.2d 631 (Fla.1983). Any effort to set off the contract price against this unknowable value would be inherently speculative and likely, in at least some cases, to result in an understatement of the property's value to the buyer. Therefore, it cannot be said "to a legal certainty," *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1933), that the fair market value of the property does not represent the amount in controversy. This conclusion is consistent with settled law. In a suit over title to land,

> it is the value of the property rather than the claim of the contending parties which fixes the amount in controversy for purposes of jurisdiction. Here the controversy concerns the ownership of the land involved, not merely plaintiff's equity of redemption therein; and the value of the land thus in controversy is, of course, not affected by the existence of [a] debt secured by the deed of trust.

*Peterson v. Sucro,* 93 F.2d 878, 882 (4th Cir.1938) (citations omitted). We believe the same reasoning applies to Occidental's obligation to pay the purchase price.

Bullard argues that fair market value should not determine the amount in controversy because the contract price will govern the specific performance of the parties. Unlike the district court, we see no inequity in drawing such a distinction. If the market value of the property were in fact equal to the contract price then few rational buyers would incur the expense of suing to enforce the contract. The difference in value is one of the benefits for which Occidental contracted, and Bullard cannot now be heard to complain that the full extent of the property's value should be ignored.

### IV.  *Conclusion*

For the foregoing reasons, the judgment of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.

REVERSED and REMANDED.