**In re COLLINS MANUFACTURING COMPANY, Debtor.**

**No. 1–80–02136.**

United States Bankruptcy Court, E. D. Tennessee.

April 19, 1982.

Kyle R. Weems, Weill, Ellis, Weems & Copeland, Chattanooga, Tenn., for C. Kenneth Still, Chattanooga, Tenn., Trustee.

Stephen P. Parish, Shumacker, Thompson, & Dycus, Chattanooga, Tenn., for Morbern U. S. A., Inc.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

In bankruptcy cases, filing of a proof of claim is important only as a step toward allowance of the claim. Allowance of a claim establishes a creditor's right to participate in a case and receive payment from the bankruptcy estate. 11 U.S.C. §§ 726, 1111, 1126, 1129, & 1325(a)(4) & (5).

In a case under chapters 7 or 13 of the Bankruptcy Code, a claim can be allowed

only if a proof of claim is filed. When a proof of claim is filed, the claim is allowed unless a party in interest objects. 11 U.S.C. § 502(a).

In a case under chapter 11, allowance of a claim does not always require filing of a proof of claim. If a claim is listed in the debtor's schedules and is not identified as disputed, contingent, or unliquidated, then the claim is *deemed filed*. 11 U.S.C. § 1111(a).[1] In this chapter 11 case, the claim of Morbern U.S.A., Inc., was listed in debtor's schedules and was not identified as disputed, contingent, or unliquidated. Morbern's claim was deemed filed.

The notice of the meeting of creditors repeated the statutory provisions with regard to whether filing of a proof of claim was required.

Any creditor holding a listed claim which is not listed as disputed, contingent, or unliquidated, may, but need not, file a proof of claim in this case. Creditors whose claims are not listed or whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in the case must file their proofs of claim on or before a date to be later fixed of which you will be notified. *Any creditor who desires to rely on the list has the responsibility for determining that he is accurately listed.*

At the debtor's request, a trustee was appointed. He applied for an order requiring all creditors to file proofs of claims. The application stated the reasons:

It is important to ascertain the claims to be paid and allowed so that the same may be considered for purposes of the Disclosure Statement and Plan of Reorganization. .

In the instant case, it is not feasible to consider the list of creditors ... prepared and filed by debtors ... as evidence of the validity and amount of claims of creditors. First, the amounts may have changed. Secondly, there may be other creditors who have not been listed who should be included. Accordingly, the Trustee asks this Honorable Court to fix May 29, 1981, as the time within which the filing of a proof of claim is required pursuant to Rule 3001(b)(2)(B).

The court entered the suggested order, which provided:

It is ... ordered that the holders of all claims or interests in this Chapter 11 case shall be and are required to file proofs of claim or proofs of interest with the Clerk, U. S. Bankruptcy Court, Chattanooga, TN 37401, not later than May 29, 1981.

The order provided that it and the application would be sent to all creditors, including those whose claims were deemed filed under the statute. Morbern received copies of the application and order but failed to file a proof of claim within the time allowed. The trustee objected to allowance of Morbern's claim because of its failure to file.

Morbern argues that the order was misleading, and should not be enforced. Its reasoning is as follows. The notice of the meeting of creditors did not require Morbern to file a proof of claim, since its claim was deemed filed. The notice provided that the court would fix a time within which other creditors must file proofs of claims. The order was inconsistent with the notice unless it was the one referred to in the notice as fixing the date for filing by creditors whose claims were not deemed filed. Therefore, Morbern concluded that the order did not apply to it.

The order was meant to be inconsistent with the notice of the meeting of creditors. The order applied to *all* creditors. There was no reason for providing that the application and order would be served on creditors whose claims were deemed filed, unless the order was to apply to them. Nevertheless, the reference to Interim Rule 3001(b)(2)(B) was highly misleading.

Subdivision (a) of the rule follows the statute. Creditors whose claims are

---

1. A proof of claim ... is deemed filed ... for any claim ... that appears in the schedules filed under section 521(1) or 1106(a)(2) ... except a claim that is scheduled as disputed, contingent, or unliquidated.

deemed filed need not file a proof of claim, "except as provided in subdivision (b)(3)." Subdivision (b)(3), however, does not deal with whether a proof of claim must be filed in order for the claim to be allowed. It establishes the last date for filing a proof of claim without regard to whether the creditor must file in order to participate in the case. Failure to file within that time will not affect the allowability of a claim deemed filed.

The real exception to subdivision (a) appears to be paragraph (b)(2)(B) referred to in the trustee's application. It says that "notwithstanding the foregoing" the court can fix a time within which a proof of claim must be filed, and "[a]ny person required under this paragraph to file a proof of claim who fails to do so shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution."

This paragraph can be understood only in light of the preceding paragraph. Paragraph (b)(2)(A) sets the time within which creditors whose claims are *not* deemed filed must file in order for their claims to be allowed. Paragraph (b)(2)(B) allows the court to fix a different time but only for creditors whose claims are *not* deemed filed. It does not mean a creditor whose claim is deemed filed can be required to file or lose the right to participate in the case.

Thus, the part of the rule referred to in the application actually deals with fixing a time for filing by creditors whose claims are *not* deemed filed. The earlier notice of the meeting of creditors had mentioned that such an order might be entered. The notice did not say that creditors whose claims were deemed filed might also be required to file proofs of claims. The notice said just the opposite.

The court can see how Morbern was confused. The order appeared to apply and not to apply. Furthermore, the statute itself leaves room for confusion. It is not clear what are the proper methods for challenging a claim or claims deemed filed.[2]

Morbern reasonably concluded that the order did not apply to it.

The court notes that the proof of claim filed by Morbern states the same amount given in the debtor's schedules. Morbern's filing of a proof of claim was not necessary from its point of view since the scheduled amount was correct.

This is not a case where the question is whether the court can allow filing of a proof of claim after the time set by the rules has expired. Morbern's claim was deemed filed when the debtor's schedules were filed. The trustee attempted to require Morbern to file a proof of claim within a fixed time, but the application and the order requiring filing were confusing. It is within the court's general equitable power to grant relief from its own order on the ground that the order was confusing. Accordingly, Morbern's claim will be allowed in the amount of $7,778.45.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.

---

2. Of course, once there is a proper challenge, filing of a proof of claim may be required as a means of settling the challenge of moving it toward resolution.