**In re INTERNATIONAL COINS & CURRENCY, INC., Debtor.**

**Bankruptcy No. 81–00023.**

United States Bankruptcy Court, D. Vermont.

July 8, 1982.

---

Peter B. Brittin, Barre, Vt., for debtor.

Jerome F. O'Neill, of Lisman & Lisman, Burlington, Vt., for Dr. Irving Anders.

MEMORANDUM AND ORDER ON MOTION OF DEBTOR TO DISMISS CLAIM OF DR. IRVING ANDERS

CHARLES J. MARRO, Bankruptcy Judge.

The non-evidentiary hearing on the Motion of the Debtor to Dismiss the Proof of Claim of Dr. Irving Anders came on for hearing, after notice.

The sole issue for determination at this time is whether the Proof of Claim filed by Dr. Irving Anders on April 5, 1982 should be dismissed because of failure to file before October 1, 1981, the date fixed by the bar Order entered by this Court on August 20, 1981.

From the records in the case, representations of counsel and concessions made in the Memoranda of Law filed, the facts are as follows:

The Debtor filed a Petition for Relief under Chapter 11 of the Bankruptcy Code on February 9, 1981 and its List of Liabilities and Schedules on March 9, 1981. Dr. Irving Anders is not listed as a creditor and has not been listed as a creditor in any

subsequent statement or Schedules filed by the Debtor.

On July 2, 1981 the Debtor filed an Application for an Order fixing a bar date for the filing of claims and on August 20, 1981 the Court issued an Order fixing October 1, 1981 as the last day for filing of Proofs of Claim by creditors. That part of the Order which pertains to creditors not listed in the Statement of Liabilities or Schedules reads as follows:

"ORDERED, that any person asserting a claim against the above-named debtor whose claim is not listed in the aforesaid Statement of All Liabilities of Debtor be and it is hereby directed to file a proof of claim with the Clerk of this Court on or before 1 October 1981 and any such persons who fails to do so shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution . . ."

This Order also provides for notice as follows:

"ORDERED, that notice of this Order shall be given as follows:

to all known creditors of the above named debtor, by mailing by first class mail, postage pre-paid, a copy of a notice substantially in the form of the Notice of Last Date for Filing of Claims annexed to this Application to each creditor of the above-named debtor as such creditor's last known address on or before 28 August 1981, and

the Court finds specifically that no other form of notice is either required or warranted in this case."

In accordance with this Order of August 20, 1981, a Notice of the Last Date for Filing of Claims was issued on the same day. As to creditors holding claims not listed in the Schedules the Notice contained the following provision:

"PLEASE TAKE FURTHER NOTICE that any person who asserts a claim against ICC whose claim is not listed in the aforesaid Statement of All Liabilities of Debtor must file a proof of claim with the Bankruptcy Court, at the address listed below and any such person who fails to do so shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution.

PLEASE TAKE FURTHER NOTICE that proofs of claim must be filed with the Bankruptcy Court at the following address:

Clerk of the Bankruptcy Court
56½ Merchants Row
Rutland, Vermont 05701

The Application for the bar Order for the filing of claims, the Order fixing the last date for filing Proofs of Claim and the Notice of the Last Date for the filing of Claims were all prepared by the Debtor.

The Proof of Claim of Dr. Irving Anders in the sum of approximately $455,701 and allegedly based on fraud was filed on April 5, 1982 by Lynn C. Mack, deputy clerk, and was marked "Filed Out of Time" for the reason that it was received after the expiration of the bar date on October 1, 1981.

In support of its Motion to Dismiss the Debtor argues that Dr. Anders is barred from filing a Proof of Claim by virtue of Interim Rules 3001 and 2002. Under 3001(b)(3), the time for filing a Proof of Claim in a Chapter 11 Proceeding is prior to the approval of the Disclosure Statement unless a different time is fixed by the Court, on notice, as provided in Rule 2002. The Debtor contends that October 1, 1981 was fixed by the Court as the last day for filing claims and, pursuant to Rule 2002(c) notice was given to all creditors. As a matter of fact the docket entries indicate that on September 10, 1981, the Clerk did mail notices to 569 creditors and parties in interest as per Schedules and Claims Register of the Order Fixing October 1, 1981 as the last day for filing claims.

Although both Rule 3001 and 2002 were complied with it is obvious that Dr. Anders as an unlisted creditor never received any notice of the time fixed for filing claims. It is also noted that the notice mailed to creditors insofar as it pertains to a person asserting a claim which is not listed did not fix a time for the filing of a claim. It merely stated that "any person who asserts

a claim against ICC whose claim is not listed in the aforesaid Statement of All Liabilities of Debtor must file a proof of claim with the Bankruptcy Court, at the address listed below and any such person who fails to do so shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution."

Since Dr. Anders did in fact file a claim even though he received no notice, he did comply with the requirements for filing a claim as recited in the notice. It is true, as the Debtor contends, that Dr. Anders was aware of the bankruptcy proceeding instituted by the Debtor from its inception to the time that he filed his claim. The Debtor seems to argue that, in view of this, Dr. Anders should have taken steps to determine the time limit for filing his claim. The Court does not agree.

Because of the situation which has developed in this case with reference to the unlisted claim of Dr. Anders, the Court does, indeed, have second thoughts about signing an Order, which in this case was prepared by the Debtor, barring claims of unlisted creditors who obviously are not going to receive any notice whatsoever of the bar date for the filing of their claims. The least that should be expected by such creditors is notice by publication but, unfortunately, the Order signed by the Court on August 20, 1981 contained the provision that "the Court finds specifically that no other form of notice is either required or warranted in this case."

In spite of the shortcoming in the notice as it pertains to an unlisted creditor like Dr. Anders, the claim which he filed on April 5, 1982 should still be deemed as filed on time. It has been held that on equitable considerations a creditor who, as a result of the Debtor's failure to schedule his claim, receives no notice of the requirement of filing a proof of claim should be permitted to file and prove his claim even though the filing period has expired. *In Re Slaw Construction Corp.,* 17 B.R. 744, 5 C.B.C.2d 1617 (Bkrtcy.).

See also *In Re Harbor Tank Storage Co., Inc.,* 385 F.2d 111 (3rd Cir.). In this case an Order was entered limiting the time for the filing of proofs of claim of creditors to March 22, 1965 and directing the trustee to send a copy of the Order to all interested parties. No notice was sent to Murray Hill Oil Company, a creditor, and the Court held that Murray Hill Oil Company had an absolute right to file and prove its claim in the proceeding despite the fact that the bar date had passed and the Plan confirmed, and the fact that this creditor had knowledge of the reorganization proceedings did not place upon him the burden of filing an appearance or a claim before receiving notice to do so. The importance of notice as to the filing of a claim was stressed by the Court in the *Harbor Tank Storage Co.* case at page 115 as follows:

"As noted in 6 Collier, Bankruptcy ¶¶ 0.01–0.11, an essential objective of Congress in replacing 77B with Chapter X was to encourage active, informed creditor participation in the reorganization proceedings. The reorganization process is dependent on the proper notification to creditors and other interested parties of all important steps in the proceeding so that they may take such steps as necessary to safeguard their interests. Although notice by publication may be deemed to satisfy the requirements of the Act in some situations, certainly such notice is insufficient where, as here, the trustee knows both the existence and address of a creditor. And the fact that a creditor knows of the initiation of reorganization proceedings does not of itself place a burden on the creditor to file an appearance or claim in the proceeding before receiving notice to do so: a creditor has every right to assume that he will be sent all the notices to which he is entitled under the Act."

It is true that the Harbor Tank Storage Co. case was one under § 77(b) of the former Bankruptcy Act but there is no reason why its rationale should not apply to the instant case.

As of this date the Debtor has filed several Disclosure Statements but none has been approved. Therefore, Creditor Anders has

brought himself within the requirements of Rule 3001(b)(3) since he has submitted his claim prior to the approval of the Disclosure Statement. The Order of the Court fixing October 1, 1981 as a bar date is not binding on him because of lack of proper notice. See *In Re Slaw* and *In Re Harbor Tank Storage Co.*, supra.

See also *In Re Collins Manufacturing Company* (Bkrtcy.E.D.Tennessee—1982) 19 B.R. 535. In this case the claimant was listed as a creditor in a Chapter 11 proceeding and its claim was not identified as disputed, contingent, or unliquidated. Therefore, pursuant to § 1111(a) of the Bankruptcy Code it was deemed filed. In spite of this the Court, pursuant to a request by the Trustee, issued an Order fixing May 29, 1981 as the last day for the filing of proofs of claim or proofs of interest. This Order provided that it and the application be sent to all creditors, including those whose claims were deemed filed under the statute. The claimant received copies of the application and of the Order yet it failed to file a proof of claim within the time allowed. Because of this failure the Trustee objected to the allowance of the claim.

The claimant argued that the Order was misleading and should not be enforced. It contended that the notice of the meeting of creditors did not require the claimant to file a proof of claim since its claim was deemed filed. Therefore, the Order was inconsistent with the notice unless it was one referred to in the notice as fixing the date for filing by creditors whose claims were not deemed filed. Hence, Claimant Morbern concluded that the Order did not apply to it.

The Court sustained Morbern's position and said at page 537:

"This is not a case where the question is whether the court can allow filing of a proof of claim after the time set by the rules has expired. Morbern's claim was deemed filed when the debtor's schedules were filed. The trustee attempted to require Morbern to file a proof of claim within a fixed time, but the application and the order requiring filing were confusing. It is within the court's general equitable power to grant relief from its own order on the ground that the order was confusing. Accordingly, Morbern's claim will be allowed in the amount of $7,778.45."

Dr. Anders is supported by the above cited cases. In addition, as he contended, the Order and Notice having been prepared by the Debtor should be strictly construed against it. Since the Notice did not contain a bar date for filing by creditors not listed in the Schedules they should be permitted to file within the constraints of Rule 3001; i.e., before the approval of the Disclosure Statement and not be bound by the bar date of October 1, 1981 in the Order. Dr. Anders comes within this category of claimants.

Since a Disclosure Statement has not as yet been approved the claim of Dr. Anders is deemed filed on time. However, since he alleges that it is based on fraud and as such is not subject to a discharge if the Debtor's Reorganization Plan is confirmed, it is incumbent upon him to amend the proof to conform with Rule 9(b) of the Federal Rules of Civil Procedure. This provides that he must allege circumstances constituting fraud with particularity. Likewise, he should comply with the requirements of the Code and of the pertinent Rules as to his claim being excepted from any Order approving the Plan and effecting a discharge. In this respect, it is noted that a corporation does not receive a formal discharge under the Code since the Debtor is not an individual, § 727(a)(1).

### ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED as follows:

1. The Motion of the Debtor to Dismiss the claim of Dr. Irving Anders filed on April 5, 1982 is hereby DENIED and the claim is hereby deemed as filed on time.

2. The Claimant shall within 20 days file an Amendment to the Proof alleging the circumstances constituting the fraud with particularity.

3. The Claimant shall within 20 days file a proper pleading relating to the exception of the claim from an Order Confirming the Plan and effecting a discharge.

4. The Debtor is allowed 20 days after the filing of the Amendment and any pleadings to object to the claim and to respond.