In re FUTURONICS CORPORATION, Debtor.

FUTURONICS CORPORATION, Plaintiff-Appellee,

v.

SYCAMORE INDUSTRIES, INC., Defendant-Appellant.

No. 82 Civ. 1660 KTD.

United States District Court, S. D. New York.

Sept. 20, 1982.

Finley, Kumble, Wagner, Heine, Underberg & Casey, New York City (Michael V. Blumenthal, Neil A. Friedman, New York City, of counsel), for appellee Futuronics Corp.

Abramson, Freedman & Blackman, P.C., Philadelphia, Pa. (Jeffrey M. Freedman, Philadelphia, Pa., of counsel), for appellant Sycamore Industries, Inc.

OPINION

KEVIN THOMAS DUFFY, District Judge.

Sycamore Industries, Inc. ("Sycamore") appeals pursuant to Bankr.R.P. 801 from

Bankruptcy Judge Lewittes' February 10, 1982 order denying Sycamore's motion to set aside the stipulation and order dated September 2, 1980 (the "September 2 Stipulation"). The September 2 Stipulation had limited Sycamore's claim for damages against Futuronics Corporation ("Futuronics"), the appellee and debtor, to $854,000 without prejudice to the pending objection of Futuronics.

This matter arises out of a licensing agreement between Futuronics and Sycamore dated August 1, 1973. On January 3, 1975, Futuronics filed a Chapter XI petition in the Bankruptcy court below. On June 9, 1975, Sycamore filed proof of claim No. 212 (the "Original Claim"), alleging a $1,100,000 indebtedness arising out of an alleged breach of the August 1, 1973 licensing agreement with Futuronics. Futuronics objected to Sycamore's Original Claim. Sycamore filed an answer to Futuronics' complaint and objection to claim on August 13, 1980, by its attorneys Halpert & Halpert. Eight days later Israel Halpert of Halpert & Halpert entered into a stipulation (the September 2 Stipulation) with counsel for Futuronics reducing Sycamore's claim from $1,100,000 to $854,000 in conformity with Sycamore's answer of August 13, 1980. This stipulation was filed with the court and "So Ordered" by Judge Lewittes on September 2, 1980.

On February 3, 1981, Halpert & Halpert withdrew as counsel for Sycamore, and the law firm of Abramson, Freedman & Blackman appeared on Sycamore's behalf. On April 1, 1981, Abramson, Freedman & Blackman filed a "second" or amended proof of claim in the amount of $4,453,361. Futuronics filed an application on September 22, 1981 seeking an order enforcing the September 2 Stipulation and an order expunging the new claim. The court issued orders granting this application on November 16, 1982. On October 30, 1982, Sycamore moved to set aside the September 2 Stipulation alleging that Israel Halpert did not represent Sycamore at the time he entered into the stipulation, and/or that he was not authorized to do so on Sycamore's behalf. A hearing was held on December 1, 1981, at which time Judge Lewittes denied the motion. This appeal ensued.

Appellant's cite several errors in the court below, which fall into two categories: (1) Judge Lewittes' failure to invalidate the September 2 Stipulation; and (2) Judge Lewittes' refusal to allow Sycamore to amend its proof of claim against Futuronics. I hold that Judge Lewittes did not abuse his discretion in refusing to allow Sycamore to amend its claim, which is sufficient to uphold the bankruptcy court's decision below. Even assuming that Israel Halpert did not have the authority to enter into the September 2 Stipulation, Sycamore still had to amend its Original Claim to increase its claim to $4,453,361. Because Judge Lewittes was well within his discretion when he denied the motion to amend, appellant's claims concerning Halpert's alleged lack of authority are not grounds for reversal, even were these assertions correct.

The issue of Halpert's authority, however, must still be examined in order to determine the present amount of Sycamore's proof of claim. Although the motion to amend was denied properly, if Halpert was unauthorized to execute the stipulation on Sycamore's behalf, then its claim remains at the original figure of $1.1 million and not $854,000 as Judge Lewittes held.

## I. Israel Halpert's Authority to Enter Into the September 2 Stipulation

I have assumed that Halpert did not have the authority to enter into a permanent and binding limitation of Sycamore's claim because, like a settlement or compromise, such an action would require explicit client approval. However, though Halpert may not have had authority to bind Sycamore to a permanent reduction of its claim, as counsel of record he could enter into a stipulation— without prejudice to a future valid amendment—conforming the amount of Sycamore's claim to the amount set out in its answer. *See Prate v. Freedman,* 583 F.2d 42, 48 (2d Cir. 1978); *cf.* ABA Code of Professional Responsibility EC 7–7 ("In cer-

tain areas of legal representation not affecting the merits of the cause or substantially prejudicing the rights of a client, a lawyer is entitled to make decisions on his own."). Sycamore's rights were not substantially prejudiced by the stipulation because, as even appellant understood, "the Stipulation did not prohibit Sycamore from filing an amended claim . . . ." Thus, Halpert, as Sycamore's attorney, had sufficient implicit authority to make Sycamore's filings consistent.

■ Moreover, Sycamore's assertion that Halpert had *no* authority to act on its behalf at the time the stipulation was entered into is groundless. Judge Lewittes' Finding of Fact No. 14 that Halpert was appellant's attorney of record must be accepted "unless [it is] clearly erroneous." Bankr.R.P. 810; *see generally* cases cited in Appellee's Brief at 9–10. There is ample evidence in the record and in Appellant's own brief to support Judge Lewittes' finding: Halpert obtained several adjournments prior to his entering into the stipulation (Sycamore's Brief at 3); Halpert prepared an answer to Futuronics' objection to claim, with the assistance of Sycamore's president, just eight days prior to entering into the stipulation, (Sycamore's Brief at 4); Halpert obtained several adjournments *after* the stipulation was entered into, (Sycamore's Brief at 5); and Halpert did not withdraw as counsel before the bankruptcy court until February 3, 1981, over five months after the September 2 Stipulation. On the basis of this factual record, Judge Lewittes' Finding of Fact No. 14 is supported by the record.

## II. Amendment of the Proof of Claim

Halpert's established authority to conform Sycamore's proof of claim to its answer renders Sycamore's "second" proof of claim an attempt to amend the Original Claim to increase the damages sought from $854,000 (the stipulated amount) to $4,453,-361. Judge Lewittes perceptively recognized this, and also correctly analyzed Sycamore's motion as a motion to amend. His denial of Sycamore's motion to amend was supported sufficiently in the Record of the

Hearing to preclude a finding that it was an abuse of discretion.

■ Bankr.R.P. 715 expressly adopts Fed.R.Civ.P. 15 as the standard for deciding whether to permit a proposed amendment to a proof of claim. Rule 15(a) states that leave to amend "shall be freely given when justice so requires." This rule has been liberally construed to ensure that parties have an opportunity to test their claims on the merits. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). A motion to amend should be denied only when there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. . . . ." *Id.* The crucial inquiry is whether the opposing party would be unduly prejudiced by the amendment. *See U.S. v. Hougham,* 364 U.S. 310, 316, 81 S.Ct. 13, 18, 5 L.Ed.2d 8 (1960) (the rule "facilitates the amendment of pleadings except where prejudice to the opposing party would result."); *Middle Atlantic Utilities Co. v. S.M.W. Development Corp.,* 392 F.2d 380, 384 (2d Cir. 1968) ("the trial courts should normally focus on the resultant prejudice to the defendant."). In evaluating potential prejudice to the nonmovant, the trial judge has discretion to grant or deny the motion to amend. It is an abuse of that discretion, however, if the decision is "without any justifying reason," *Foman, supra,* 371 U.S. at 182, 83 S.Ct. at 230, "or is based on erroneous beliefs," *Middle Atlantic Utilities, supra,* 392 F.2d at 384. In this case, Judge Lewittes both provided justifying reasons for the denial and did not base his decision on erroneous beliefs.

Judge Lewittes aptly focused on the potential prejudice that would flow to Futuronics if the amendment were permitted. The relevant part of his decision concerning prejudice to the appellee is as follows:

> This Chapter XI is on the eve of confirmation. In any event, the [Futuronics] adversary proceeding with respect to Sycamore is almost ready for trial. If an amendment was sought under Rule 15 to

amend the claim on the eve of trial from a stipulated amount originally of eight hundred fifty-four thousand dollars to a claim now in excess of four million dollars this Court within its discretion would deny such an amendment for the reason that justice not only would not require it, I believe it could not condone such an amendment.... [U]nder the circumstances of this case I think it would be agregious [sic] to permit [an] amendment that bears no relationship even to the original claim which, apparently, the principal of the debtor thought a bit expanded in its answer when it originally set forth eight hundred fifty-four thousand dollars.

So, under Rule 15 I would not have permitted that amendment because it would have required and would require a horrendous amount of more pre-trial discovery raising issues in matters that would totally expand the adversary proceeding into something that would prejudice the debtor, a debtor which is on the verge of confirmation.

. . . . .

I am convinced that the interests of justice do not require permitting this new claim and, in my view, the motion should be in all respects denied.

Hearing on December 1, 1981, Record on Appeal at 165–66, 168.

█ Judge Lewittes did not abuse his discretion in denying Sycamore's motion to amend. As he noted in his decision, Futuronics was on the "eve of confirmation." Confirmation of the arrangement plan is the light at the end of the long Chapter XI bankruptcy tunnel. In the present case Futuronics had been in Chapter XI bankruptcy proceedings for over six years when Sycamore first attempted to file its amended claim. Futuronics' plan of arrangement, inevitably the product of lengthy and careful negotiation, with its creditors, was nearing the sought after point of confirmation when Sycamore attempted to amend its claim. Moreover, this was five years and ten months after it filed its Original Claim. *Id.* at 166. Under these circumstances,

Judge Lewittes' finding that substantial delay, additional discovery and undue prejudice would result to the debtor if he permitted the amendment is well supported.

The order of the bankruptcy court is affirmed and costs will be assessed against the appellant.