**In re Linda Victoria WILSON, Debtor.**

**Bankruptcy No. 2–85–00356.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

March 5, 1991.

Robin S. Stith, Columbus, Ohio, for debtor.

Les Swinford, Jr., Columbus, Ohio, for AVCO Financial Services.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

Charles M. Caldwell, Office of U.S. Trustee, Columbus, Ohio, Asst. U.S. Trustee.

## ORDER ON OBJECTION TO CLAIM

R. GUY COLE, Jr., Bankruptcy Judge.

### I. *Introduction*

This matter is before the Court upon the Objection to Claim filed by the debtor ("Debtor"), Linda Victoria Wilson. In specific, the Debtor objects to the allowance of a Supplemental Proof of Claim filed by AVCO Financial Services, Inc. An evidentiary hearing was held on January 8, 1991, after which the Court took this matter under advisement.

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this judicial district. This is a core proceeding which the Court is empowered to hear and determine under 28 U.S.C. § 157(b)(1) and (2)(F), (H) and (O).

### II. *Factual Background*

1. On March 4, 1985, the Debtor filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code.

2. The bankruptcy schedules list AVCO Financial Services, Inc. ("AVCO") as the holder of a claim in the amount of $10,082, secured by a second mortgage on the Debtor's principal residence.

3. The Order for Meeting of Creditors, Combined with Notice Thereof and of Automatic Stays ("Order") was served on all parties-in-interest, including AVCO, by regular U.S. Mail on March 11, 1985. The Order set July 2, 1985 as the last date ("Bar Date") on which a creditor could file a proof of claim against the bankruptcy estate.

4. AVCO filed its original proof of claim ("Original Claim") on April 3, 1985. According to the Original Claim, the Debtor was indebted to AVCO at the time the petition was filed in the principal amount of $10,756.52, plus interest at 22% per annum. The Debtor agreed in a supplemental motion filed November 26, 1985, that AVCO's claim totaled $10,756.52 as of the petition date.

5. The Debtor's Chapter 13 plan, as amended (the "Plan"), was confirmed by order of this Court entered on March 11, 1986. The Plan provides for payments lasting sixty months and offers a one hundred percent dividend to the holders of unsecured claims. The Order Confirming Chapter 13 Plan provides that "AVCO to be paid inside plan at contract interest rate of 22% and in contract monthly payments of $300.00, arrearage of $3,300 to AVCO to be paid inside plan."

6. On April 23, 1986, AVCO, without obtaining Court approval, amended its Original Claim by filing two amended proofs of claim in the amounts of $7,456.20 ("First Amended Claim") and $3,300 ("Second Amended Claim"), respectively.[1] The First Amended Claim asserts a claim in the principal amount of $7,457.20 plus interest; the Second Amended Claim asserts a claim in the sum of "$3,300 (arrearage only)". AVCO Exh. 3.

7. On May 16, 1990, AVCO filed its Supplemental Proof of Claim ("Supplemental Claim"), asserting a claim in the principal amount of $5,664.04. The Debtor objects to the Supplemental Claim, asserting that AVCO's claim has been paid in full pursuant to payments made under the Plan. AVCO opposes the Debtor's objection.

### III. *Legal Analysis*

It is well settled that a determination as to whether to permit an amendment to a timely filed proof of claim rests within the sound discretion of the court. *In re McLean Industries, Inc.*, 121 B.R. 704, 708, 21 B.C.D. 139, 141 (Bankr.S.D.N.Y. 1990); *Associated Container Transportation (Australia) Ltd. v. Black & Geddes, Inc. (In re Black & Geddes, Inc.)*, 58 B.R. 547, 553 (S.D.N.Y.1983); *Futuronics Corp. v. Sycamore Industries, Inc. (In re Futuronics Corp.)*, 23 B.R. 281, 283 (S.D.N.Y. 1982). Courts, however, are guided in making this determination by the test

enunciated in *In re G.L. Miller & Co.*, 45 F.2d 115 (2d Cir.1930). The court in *Miller* concluded that allowance of a subsequent claim turns on whether "the subsequent claim may be fairly characterized as an amendment of a timely filed claim or in substance a new claim." *In re McLean Indus., Inc.*, 121 B.R. at 708, 21 B.C.D. at 141 (citing *In re G.L. Miller & Co.*, 45 F.2d at 116). If the amended claim is premised upon a wholly new claim, the court should not permit allowance of the claim.

Thus, under the *Miller* test, the Court must determine whether the amended proof of claim reasonably relates to a timely filed claim and is not a veiled attempt to file a new claim. *See In re Leonard*, 112 B.R. at 71; *In re Black & Geddes, Inc.*, 58 B.R. at 553. *See also United States v. International Horizons, Inc. (In re Int'l Horizons, Inc.)*, 751 F.2d 1213, 1216 (11th Cir.1985). A separate judicial test has evolved, which, additionally, requires the Court to conduct an equitable analysis. Specifically, the Court must conclude that the granting of the amended claim is fair and imposes no undue hardship on a party. *In re McLean Indus., Inc.*, 121 B.R. at 708, 21 B.C.D. at 141; *In re Black & Geddes, Inc.*, 58 B.R. at 553; *In re Leonard*, 112 B.R. at 71. The following factors are instructive in the Court's equitable analysis:

1. whether there is undue prejudice to the opposing party; *See In re Futuronics Corp.*, 23 B.R. at 283.
2. whether there is bad faith or dilatory behavior on the part of the claimant; *See In re Hertz*, 38 B.R. 215, 218 (Bankr.S.D.N.Y.1984).
3. whether other creditors would receive a windfall were the amendment not allowed; *See In re Saxe*, 14 B.R. 161, 165 (Bankr.S.D.N.Y.1981).
4. whether other claimants might be harmed or prejudiced; *See In re Black & Geddes, Inc.*, 58 B.R. at 553.

---

1. This Court believes that a party seeking to amend its claim after the Bar Date must obtain leave of court. *See Bishop v. United States (In re Leonard)*, 112 B.R. 67, 71 (Bankr.D.Conn.1990) (leave of the court to amend is needed). *See*

*also United States v. Kolstad (In re Kolstad)*, 101 B.R. 492, 494 (Bankr.S.D.Tex.1989) (amendments are not automatic); *In re W.T. Grant Co.*, 53 B.R. 417, 420 (Bankr.S.D.N.Y.1985).

5. whether there is justification for the failure to file the amended claim at the time the original claim was filed. *See In re Black & Geddes, Inc.*, 58 B.R. at 553.

## 1. *Does the Supplemental Claim Relate to the Original Claim?*

■ The parties agree that the Original Claim was filed prior to the Bar Date. Moreover, there appears to be no dispute that the Original Claim provided the Debtor with reasonable notice of the underlying facts of AVCO's claim. In that regard, AVCO indicated on the face of the Original Claim that its claim, in the total amount of $10,756.52, was premised upon defaults in obligations secured by a second mortgage on real property.

Stephen Santangelo, AVCO's former counsel, testified that he filed the First Amended Claim and Second Amended Claim to "make sure we [AVCO] received the conduit payment on the principal plus an additional amount on the arrearage." Transcript at 20. According to Santangelo, the Chapter 13 trustee requested that he file two separate claims—one for the arrearage and one for the principal—because the claims would be computed at different interest rates and paid separately.

AVCO claims that it filed the Supplemental Claim because the First Amended Claim erroneously deducted the sum of $3,300 from the principal amount, *i.e.*, the First Amended Claim should have remained in the amount of $10,756.52, not $7,456.52, and the Second Amended Claim was to be for $3,300. Ms. Linda Masek, AVCO's Region Supervisor, testified that the $3,300 "arrearage" claimed in the Second Amended Claim represents "interest that was accrued during the period of time that AVCO did not receive a payment for 17 months."[2] Transcript at 17. Masek also indicated that AVCO had received approximately $910 as payment on the Supplemental Claim, leaving a balance of $4,736 due and owing.

While it is not altogether clear, the Supplemental Claim apparently represents

$3,300 in principal, plus accrued interest, that was mistakenly deducted from the $10,756 principal. Thus, it would appear that the Supplemental Claim is premised upon facts reasonably related to those set forth in the Original Claim. However, the Court is not persuaded that the amount set forth in the Supplemental Claim represents the principal and interest due even if the earlier claims were inaccurate. While it appears that the Supplemental Claim relates to the Original Claim, the Court is unable to conclude that AVCO is not attempting to interpose a new claim.

## 2. *Bankruptcy Rule 3001(f)*

■ Next, the Court must assess whether AVCO has satisfied its burden in demonstrating sufficient grounds for allowance of the Supplemental Claim. Rule 3001(f) provides that a properly executed and correctly filed proof of claim constitutes *prima facie* evidence of the claim's validity and amount. 8 *Collier on Bankruptcy*, Para. 3001.05, at 3001–24 (L.King 15th ed. 1989). Any party objecting to the claim bears the burden of coming forward and introducing sufficient evidence to rebut the presumption of validity. *In re Wells*, 51 B.R. 563 (D.Colo.1985); *Matter of Unimet Corp.*, 74 B.R. 156 (Bankr.N.D.Ohio 1987). However, the ultimate burden of persuasion remains on the claimant at all times. *In re Laurence Feitlinger & Assoc., Inc.*, No. B2–75–474 (Dec. 5, 1989 Bankr. S.D.Ohio). Upon the submission of competent evidence by the objecting party, the claimant must prove, by a preponderance of the evidence, his right to the claim. 8 *Collier on Bankruptcy*, Para. 3001.05, at 3001–25 (L.King 15th ed. 1989).

■ The Supplemental Claim filed by AVCO constituted *prima facie* evidence as to its validity. The burden thereupon shifted to the Debtor to produce some evidence as to its invalidity. The Court finds that the Debtor has produced such evidence, and that AVCO has failed to prove its right to the claim.

---

**2.** The Debtor's application, filed October 28, 1985, to modify her initial plan represents that

$2,400 of the $3,300 in interest arrearage accrued after the filing of the petition.

The Supplemental Claim states that the "claim consists of $5,664.04 in principal amount." *See* AVCO Exh. 4. Upon review of the record, however, it is clear that AVCO failed to provide evidence, testimonial or otherwise, to support the Supplemental Claim. The record lacks any evidence of the validity of the amount claimed in the Supplemental Claim or how it was computed. The record, quite simply, does not support a finding by this Court that the Debtor owes AVCO *any* of the amount claimed in the Supplemental Claim. Accordingly, the Court finds that the Supplemental Claim can be disallowed on this ground alone without resort to an equitable analysis. However, as will be demonstrated below, equitable considerations do not support allowance of the Supplemental Claim.

### 3. *Is the Allowance of the Supplemental Claim Equitable?*

 The Court now must determine whether overriding equitable considerations also would mitigate against permitting the Supplemental Claim. The Debtor vehemently opposes allowance of the Supplemental Claim and argues that she has satisfied, in full, her obligations to AVCO under the terms of the Plan. The Plan, contends the debtor, is expected to be completed shortly. Allowance of the Supplemental Claim at this late date would be inequitable given the amount of money she has paid AVCO through the Plan and AVCO's tardiness in filing its supplement.

AVCO, on the other hand, asserts that fairness mandates the allowance of the Supplemental Claim. Disallowance of the claim, AVCO argues, will deny it money that it is owed, while creating a "windfall" for the Debtor. Transcript at 31. According to AVCO, it simply is attempting "to get reimbursed for what we should have been paid." Transcript at 32.

The Court concludes that allowance of the Supplemental Claim would impose an undue hardship on the Debtor. The fact that the Supplemental Claim was filed approximately five years after the Original Plan, without any justifiable cause for the delay, further supports the Court's conclu-

sion. Moreover, there are simply no facts of record which evidence that the Debtor owes AVCO the $5,664.04 claimed. Fairness requires, therefore, that the Supplemental Claim be disallowed.

The Debtor's counsel indicated that, to date, the amount paid to AVCO approximates $16,037.98—nearly $6,000 more than the balance owed it on the day the Debtor filed her petition. The payment of an additional $4,736 would increase the amount paid on AVCO's $10,756.52 claim two-fold. Viewing the totality of the circumstances, permitting allowance of the Supplemental Claim at this late date plainly does not comport with the spirit and intent of the Bankruptcy Code.

Based upon the foregoing, AVCO's Supplemental Claim shall be, and the same hereby is, DISALLOWED in its entirety. AVCO shall, within ten days of the entry of this Order, return to the Chapter 13 trustee the sum of $910 distributed to AVCO through the Plan pursuant to the Supplemental Claim.

IT IS SO ORDERED.