In re W.J. SMITH, Betty B. Smith, Debtors.

No. 03–10666(1)(11).

United States Bankruptcy Court, W.D. Kentucky.

July 3, 2007.

Mark H. Flener, Bowling Green, KY, for Debtors.

## MEMORANDUM–OPINION

JOAN A. LLOYD, Bankruptcy Judge.

This matter is before the Court on the Amended Motion to Compel Compliance with Plan or Alternatively to Dismiss Bankruptcy or Modify Plan of Creditor Hart County Bank & Trust Company ("Hart County Bank"). The Court considered the Motion of Hart County Bank, the Objection thereto of the Debtors Betty B. Smith and W.J. Smith ("Debtors") and the comments of counsel at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Amended Motion of Hart County Bank. An Order incorporating the findings herein accompanies this Memorandum–Opinion.

## PROCEDURAL BACKGROUND

Hart County Bank was a party to a participation loan with Union Planters Bank, N.A. ("Union Planters") whereby funds were loaned to the Debtors. Debtors defaulted on that loan and Union Planters filed a foreclosure action against the Debtors. Debtors filed their Voluntary Petition just prior to a sale of the Debtors' property.

On April 23, 2003, Union Planters filed a Proof of Claim in the amount of $1,619,793.17 secured by Debtors' property known as the Scottish Inns in Bowling Green, Kentucky. The Proof of Claim states that the claim is secured by real estate, attendant personalty and fixtures and that the collateral was valued at $1,400,000.

On November 23, 2003, the Court entered an Agreed Order executed by Debtors and Union Planters Bank terminating the automatic stay so that the Scottish Inns could be sold. The Agreed Order specifically states:

In the event of a deficiency upon liquidation by the Master Commissioner of the Warren Circuit Court, Union Planters Bank, N.A., may notify this Court and its Trustee of the deficiency amount as an unsecured claim.

On December 5, 2003, the Debtors filed their First Amended Plan of Reorganization identifying Union Planters' claim as an allowed secured claim. "Secured Claim" under the First Amended Plan is defined consistently with 11 U.S.C. § 506 as any claim "secured by property of the Debtor ... to the extent of the value of such collateral ..."

On February 6, 2004, the Scottish Inns was sold for $1,469,100.51.

On February 20, 2004, Union Planters obtained an *in personam* Deficiency Judgment against the Debtors in the amount of $232,207.05 plus attorneys' fees, costs and expenses of $25,507.32.

On March 5, 2004, the First Amended Plan of Reorganization was confirmed.[1]

The First Amended Plan states:

*Class 2C*—the class 2C is the allowed secured claim of Union Planters Bank. Union Planters Bank is secured by a first mortgage on real estate located at 3140 Scottsville Road, Bowling Green, Kentucky known as the Scottish Inn. The automatic stay has been terminated and Union Planters Bank will be satisfied from the sale of the property.

The Amended Plan also addressed unsecured claims and stated:

All properly filed and allowed unsecured claims will be paid in full within 36 months at the date of confirmation.

On March 9, 2004, Union Planters filed a Notice by Union Planters Bank, N.A. of Unsecured Claim Amount on the Deficiency Judgment. *See,* Docket No. 94. The Notice states that it amends Union Planters' Proof of Claim to include the deficiency "for which creditor ... has heretofore been granted leave to pursue in this bankruptcy action as an unsecured claim." No objections were raised to this Notice.

On October 19, 2006, Union Planters assigned its Deficiency Judgment to Hart County Bank. (Hereinafter in this Memorandum Opinion the creditor will be referred to as "Hart County Bank" as the successor in interest to Union Planters Bank.)

Hart County Bank has not been paid under the Plan on the unsecured claim.

On March 7, 2007, Hart County Bank filed its Amended Motion to Compel Compliance with Plan or Alternatively to Dismiss Bankruptcy or Modify Plan.

On April 11, 2007, Debtors filed their objection to Hart County's Motion.

---

1. In Hart County Bank's Amended Motion to Compel, it states, "On September 29, 2004 the Plan was confirmed." September 29, 2004 was the date the Final Decree was entered. The case was later reopened, but the First Amended Plan was confirmed on March 5, 2004, before Union Planters filed its Notice of Deficiency Judgment.

## LEGAL ANALYSIS

Hart County Bank seeks an Order requiring Debtors to pay the Deficiency Judgment or alternatively to dismiss the case pursuant to 11 U.S.C. § 1112. Debtors object contending that the Plan provided only that Hart County Bank be satisfied from the sale of the Scottish Inns and that Hart County Bank did not have an unsecured claim. The Court finds that Hart County Bank did have a timely filed unsecured claim.

Despite its representations in its Amended Motion, Hart County Bank amended its Proof of Claim to include the Deficiency Judgment as an unsecured claim after the First Amended Plan was confirmed. Debtors, however, did not object to this amended claim and under 11 U.S.C. § 502 and a proof of claim is deemed allowed unless a party-in-interest objects. *See,* 11 U.S.C. § 502(a). Since Debtors had agreed that any deficiency would be treated as an unsecured claim well before the Plan was confirmed, Debtors can hardly claim surprise or object to this claim.

■■ Ordinarily, a party seeking to amend its claim must first seek leave to amend the claim. In *re Wilson,* 136 B.R. 719, 721 (Bankr.S.D.Ohio 1991). In the matter at bar, however, the parties agreed in the Agreed Order that Hart County Bank would simply provide notice of the deficiency. Hart County Bank fully complied with the terms of the Agreed Order in this regard.

■■ Debtors only substantive contention is that confirmation of the Debtors' Plan is a final judgment and entitled to *res judicata* affect. *In re Chattanooga Wholesale Antiques, Inc.,* 930 F.2d 458 (6th Cir. 1991). This is correct and the confirmed plan constitutes a new binding contract and is *res judicata* to all issues decided. *In re Schellhorn,* 280 B.R. 847 (Bankr. N.D.Iowa 2002). The fact that the Plan was confirmed prior to the filing of Hart County Bank's Notice does not bar its amended claim.

The First Amended Plan of Reorganization does not specify an exact amount owed to Hart County Bank, nor does it limit Hart County Bank to a secured claim. The Plan provides that Hart County Bank's secured claim will be paid out of the proceeds of the sale of the Scottish Inns, but it does not prohibit Hart County Bank from asserting the deficiency as an unsecured claim. If Debtors intended to extinguish Hart County Bank's unsecured claim, it was their duty to put the creditor on notice of its intention by either rescinding the Agreed Order or specifically detailing is intention in the First Amended Plan. *See e.g., In re Outdoor Sports Headquarters, Inc.,* 161 B.R. 414, 420 (Bankr. S.D.Ohio 1993).

■■ Hart County Bank, in essence, with its Notice, amended its Proof of Claim. The general rule is that amendments to timely filed proofs of claim are liberally permitted to cure defects, to describe the claim with greater particularity or to plead a new theory of recovery on the same facts set forth in the original claim. *In re Lee Way Holding Co.,* 178 B.R. 976, 978 (Bankr.S.D.Ohio 1995), citing *United States v. International Horizons, Inc.,* 751 F.2d 1213, 1216 (11 th Cir.1985). Post bar date amendments must be scrutinized to assure that the amendment does not amount to a new claim. *Id.* The amendment in this case does not amount to a new claim. It is based on the parties' original loan agreement and is in compliance with the parties agreement via the Agreed Order terminating the automatic stay.

■■ Clearly, Debtors have not complied with the terms of the First Amended Plan

with respect to Hart County Bank's unsecured claim. When a debtor defaults under a confirmed plan, the creditor may move to dismiss the case, convert the case or resort to state court. *In re Xofox Industries, Ltd.,* 241 B.R. 541 (Bankr. E.D.Mich.1999).

This case is not appropriate for dismissal at this time. However, Hart County Bank may either pursue its traditional state court remedies due to Debtors' breach of the terms of the First Amended Plan or Debtors may modify the Plan to include a schedule for payment of the unsecured claim of Hart County Bank.

### CONCLUSION

For all of the above reasons, the Amended Motion of Hart County Bank to Compel Compliance with Plan or Alternatively to Dismiss Bankruptcy or Modify Plan of Creditor Hart County Bank is **GRANTED.** An Order incorporating the findings herein accompanies this Memorandum–Opinion.

### ORDER

Pursuant to the Memorandum–Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Amended Motion of Hart County Bank to Compel Compliance with Plan or Alternatively to Dismiss Bankruptcy or Modify Plan of Creditor Hart County Bank & Trust Company, be and hereby is, **GRANTED.** Debtors W.J. Smith and Betty B. Smith have 30 days from the date of this Order to submit a modified Plan to provide for payment of Hart County Bank's unsecured claim. If no modified Plan is filed, Hart County Bank is free to pursue its state court remedies.

