**In re CALPINE CORPORATION.**

**No. 08 Civ. 1286(VM).**

United States District Court,
S.D. New York.

May 1, 2008.

Carl David Lesueur, Kirkland & Ellis LLP (NYC), New York, NY, for Calpine Corp.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Pending before this Court is the motion of appellant Elias A. Felluss ("Felluss") requesting the Court toll the statutory deadline pursuant to 11 U.S.C. § 1144 (" § 1144") for filing an adversary proceeding seeking revocation of an order of confirmation issued by the Bankruptcy Court for this District (the "Bankruptcy Court") on December 19, 2007 (the "Confirmation Order") on the grounds that it was procured by fraud. For the reasons set forth below, Felluss's motion is DENIED.

### I. *DISCUSSION*

#### A. *STANDARD OF REVIEW*

##### 1. *§ 1144*

Section 1144 provides, in relevant part, that a "court may revoke [an

order of confirmation] if and only if such order was procured by fraud." § 1144. "Revocation under [§ 1144] requires a showing of actual fraud." *In re Hertz,* 38 B.R. 215, 220 (Bankr.S.D.N.Y.1984). Under § 1144, a party in interest must request revocation within 180 days of the date of entry of the order of confirmation. *See* § 1144. "The 180–day window is strictly construed, even where there is an allegation of fraud." *OneBeacon Ins. Co. v. Empress Ambulance Serv., Inc.,* No. 02 Civ. 2595, 2003 WL 1857622, at *4 (S.D.N.Y. Mar. 28, 2003) (*citing In re 680 Fifth Ave. Assoc.,* 209 B.R. 314, 322–23 (Bankr.S.D.N.Y.1997) ("Courts strictly construe th[e] 180 day time limitation, applying it even if a fraud is discovered beyond that deadline.")).

### 2. *Equitable Tolling*

■ A litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (*citing Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)); *see also Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000) (stating that equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time") (citations omitted). Pro se filings, although held to more lenient standards, are not excused from establishing these elements. *See, e.g., Valverde v. Stinson,* 224 F.3d 129 (2d Cir.2000) (applying general equitable tolling principles against pro se litigant); *see also Doe v. Menefee,* 391 F.3d 147, 175 (2d Cir.2004) (holding that "pro se status does not in itself constitute an extraordinary circumstance meriting tolling").

### B. *APPLICATION*

■ Felluss argues that the 180–day statute of limitations pursuant to § 1144 should be equitably tolled because he is "prevented from asserting his own rights" under § 1144 because of "the pending appeal." (Felluss's Mot. and Br. to Toll the Time Limit Set by § 1144 for the Filing of an Adversarial Proceeding Seeking Revocation of an Order of Confirmation or in the Alternative a Stay, dated April 28, 2008, ¶ 304.) However, Felluss fails to satisfy his burden of establishing that he has pursued his rights diligently, and that extraordinary circumstances prevent him from filing an adversary proceeding in the Bankruptcy Court under § 1144 timely. Felluss offers no explanation of how the pending appeal prevents him from complying with the 180–day statutory deadline under § 1144 or that he has pursued his rights diligently in the Bankruptcy Court. Nor is there any evidence on the record properly before this Court indicating that the Confirmation Order was procured by fraud. Accordingly, Felluss's motion seeking to toll the statutory deadline pursuant to § 1144 for filing an adversary proceeding for revocation of the Confirmation Order is denied.

### II. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of appellant Elias A. Felluss to toll the statutory deadline pursuant to 11 U.S.C. § 1144 for filing an adversary proceeding seeking revocation of an order of confirmation issued by the Bankruptcy Court for this District on

the grounds that it was procured by fraud dated April 28, 2008 is DENIED.

**SO ORDERED.**